## In re GOLDSTEIN.

District Court, S. D. New York.
Nov. 13, 1935.

Benjamin Siegel, of New York City, for trustee.

Paul Windels, Corp. Counsel, of New York City (James J. McGowan, of New York City, of counsel), for claimant, City of New York.

GODDARD, District Judge.

Petition to review an order of the referee in bankruptcy disallowing a preferred claim of the city of New York against the bankrupt estate for $71.56. The trustee in bankruptcy has consented to the allowance of the claim as a general one for $68.15, which is the amount of the claim exclusive of a penalty of $3.41, which concededly the claimant may not have; so the question now presented is whether the claim is entitled to priority in payment.

The city of New York filed a proof of debt for $71.56 under section 7 of Local Law 20 of 1934 (city of New York), as amended by Local Law 24 of 1934 (city of New York) which imposes a tax on retail sales and is generally known as the Retail Sales Tax Law.[1]

The city of New York contends that the bankrupt estate is liable for this amount as taxes because Goldstein, the bankrupt, who was a wholesale dealer in shoes, failed to collect the sales tax from purchasers or obtain the certificates provided for by section 2 of the Retail Sales Tax Law, and that it is a preferred claim. The tax and penalty were assessed subsequent to the filing of the petition in bankruptcy.

Section 2 of the Retail Sales Tax Law is entitled "Imposition of tax" and the pertinent part provides as follows:

"Upon each taxable sale or service the tax to be collected shall be stated and charged separately from the sale price or charge for service and shown separately on any record thereof, at the time when the sale is made or evidence of sale issued or employed by the vendor and *shall be paid by the purchaser to the vendor, for and on account of the city of New York, and the vendor shall be liable for the collection* or the service rendered; and the vendor shall have the same right in respect to *collecting* the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale. * * *

"For the purpose of the proper administration of this local law and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to the tax until the contrary is established, and the burden of proving that a receipt is not taxable hereunder shall be upon the vendor or the purchaser, unless the vendor shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser and the number of his registration certificate to the effect that the property or service was purchased for resale."

Section 3 of the law provides for the collection of tax from the purchaser and is entitled "Collection of tax from Purchaser." Section 14 reads: "A vendor shall refuse to accept a certificate that any property or service upon which a tax is imposed by this local law is purchased for resale *and shall collect the tax imposed by this local law unless the purchaser shall have filed a certificate of registration and received a certificate of authority* to collect the tax imposed by this local law;

---

[1] See Local Laws Nos. 21, 25, pp. 143, 164, in Local Laws of Cities in State, New York, 1934.

provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him." (Italics added.)

Unless the claim of the city of New York is for taxes as distinguished from a debt, it cannot be allowed a preference. The language of the portions of the Sales Tax Law quoted clearly show intention to impose a tax upon the purchaser or upon a retail sale to be paid by the purchaser and not upon the vendor. Nowhere in the law is a contrary intention indicated. The obligation placed upon the vendor by the act was to collect a tax from the purchaser "for and on account of the city of New York." If the bankrupt failed to collect or to turn over what was due, he may be liable therefor as a debtor, but not for a tax, and the city would be in the same class as other creditors of the bankrupt. In Nolte v. Hudson Navigation Co., 8 F.(2d) 859 (C.C.A.2), the United States claimed a priority for moneys collected by the navigation company under the provisions of title 5 of the Revenue Act Oct. 3, 1917 (section 500 et seq.) and the Revenue Act of 1918 (section 500 et seq.) which imposed transportation taxes upon persons and property and provided that the carrier shall collect the tax and pay it over to the government. The court held that upon failure of the navigation company to pay over moneys so collected, the government did not have a claim aganst it for *taxes* and that the obligation of the navigation company for moneys was that of a debtor. The claim of the city of New York against the bankrupt estate is therefore not one for taxes.

The pertinent portions of section 64 of the Bankruptcy Act (as amended by Act May 27, 1926, § 15 [11 U.S.C.A. § 104]) read:

"Debts which have priority.

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: * * *

"(b) The debts to have priority shall be * * * (6) taxes payable under paragraph (a) hereof and (7) debts owing to any person who by the laws of the States or United States is entitled to priority:

Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

Mere debts due to a municipality are not given a preference under the act.

Accordingly, the claim of the city of New York is not entitled to priority in payment.