84 F.2d 982 (1936)
In re LAZAROFF.
CITY OF NEW YORK
v.
GOLDSTEIN.
No. 462.
Circuit Court of Appeals, Second Circuit.
July 6, 1936.
Paul Windels, Corp. Counsel, of New York City (Paxton Blair, Oscar S. Cox, and Sol Charles Levine, all of New York City, of counsel), for appellant.
Leibowitz & Steinberg, of New York City (Jacob H. Steinberg, Jesse S. Raphael, and Max Milstein, all of New York City, of counsel), for appellee.
Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
MANTON, Circuit Judge.
Isidor Lazaroff was adjudged a bankrupt on a petition filed May 3, 1935. The appellant filed a verified claim June 28, 1935, stating that between December, 1934, and March 8, 1935, the bankrupt had become indebted to it in the sum of $283.22 for sales taxes which had been imposed under Local Law No. 24 [published No. 25, p. 164] for the year 1934. This local law is known as the Sales Tax (Emergency Relief) Law. Neither the amount of the debt nor the collection of the taxes by the bankrupt is disputed by the trustee, and he does not object to the allowance of the debt as a general claim against the estate, but he prays that it be rejected in so far as it asks priority. The referee in bankruptcy denied the claim priority and allowed it as a general claim. We granted leave to appeal from an order entered by the District Court confirming the report of the referee.
Local Law No. 24 (1934) imposed a tax of 2 per cent. upon the amount of receipts from certain sales in New York City. The tax was to be paid by the purchaser to the vendor for and on account of the city of New York, and the vendor was liable for its collection, and was charged with the duty of periodically paying over to the city the amount collected. Where the purchaser failed to pay and a vendor failed *983 to collect the tax, it became payable by the purchaser directly to the Comptroller.
The appellant's contention is that its claim against the vendor is entitled to priority under either section 64b (6) or (7) of the Bankruptcy Act, as amended by Act May 27, 1926 (11 U.S.C.A. § 104(b) (6,7), as being both a claim "for taxes due and owing by the bankrupt to the City of New York or a claim by a person who, under the laws of the State of New York, is entitled to a priority."
The court below followed In re Goldstein, 13 F.Supp. 991 (D.C.S.D.N.Y.) which relied on Nolte v. Hudson Nav. Co., 8 F. (2d) 859 (C.C.A. 2), as establishing that the claims of the city against the vendor is not one for taxes but a mere debt as to which the city is given no right of priority. In the Nolte Case, the holding was that the obligation which a carrier owed the United States to pay over transportation taxes collected from passengers and shippers was a debt and not a tax, and therefore not a preferred claim in the receivership of the carrier. The distinction between the obligation of a taxpayer to pay a tax imposed and the debt which one who has collected a tax owes therefor to the taxing agency is well settled. Commonwealth of Pennsylvania v. York Silk Mfg. Co., 192 F. 81 (C.C.A. 3), certiorari denied 232 U.S. 724, 34 S.Ct. 602, 58 L.Ed. 815; In re Waller, 142 F. 883 (D.C.Md.); In re Wyoming Valley Ice Co., 145 F. 267 (D.C.M.D.Pa.). The fact that the city is granted the remedy of distraint against a vendor who fails to pay over the taxes he has collected does not serve to change the nature of his obligation.
Although a dictum in Price v. United States, 269 U.S. 492, 501, 46 S.Ct. 180, 70 L.Ed. 373, criticizes the differentiation between taxes and debts owed the taxing unit, the Bankruptcy Act, in section 64b (6), 11 U.S.C.A. § 104(b) (6), gives priority merely to taxes as such, and not to debts unless priority is accorded them by the state law. We must follow this distinction then, since the city's claim is not for a tax, and inquire whether the debt owing by the bankrupt to the city is entitled to payment prior to other creditors.
While it is well settled that the state of New York, as a heritage of the prerogative of the English Crown, is entitled to payment of its debts prior to general creditors (Marshall v. New York, 254 U.S. 380, 41 S.Ct. 143, 65 L.Ed. 315; In re Carnegie Trust Co., 206 N.Y. 390, 99 N.E. 1096, 46 L.R.A.(N.S.) 260), it is equally clear that the city of New York enjoys no such preference (In re Northern Bank of New York, 85 Misc. 594, 148 N.Y.S. 70, 72, affirmed on opinion below 163 App.Div. 974, 148 N. Y.S. 70, 71, affirmed 212 N.Y. 608, 106 N. E. 749). There taxes had been collected by the city of New York and deposited in a bank which subsequently became insolvent. The city asserted a right to a preference in the liquidation of the bank, and the court said: "It seems to me that as soon as the taxes have been collected and deposited, the city's claim to these moneys ceases to be the claim of a sovereign."
Here the taxpayers have discharged their duty, and the only obligation upon which the city can rely is that of a debtor, not a taxpayer. So far as the city's claim is against the taxpayer for a tax, it enjoys a preferred status, but in collecting a mere debt, though that debt arises by reason of the debtor's receipt of tax money, the city is given no right to prior payment.
New York Steam Corp. v. City of New York, 268 N.Y. 137, 197 N.E. 172, 99 A. L.R. 1157, does not change this conclusion. Although the use of a particular statutory method of dealing with the problem of unemployment was held to be within the limits of the Constitution of New York state because the problem was not a merely local affair, the case only serves to emphasize the fact that it is the city, not the state, which is here seeking a preference for its debt. In re Niederstein, 154 App.Div. 238, 138 N.Y.S. 952, did not reject this distinction between a tax which is due from the bankrupt and one which the bankrupt is under a duty to collect from another. On the contrary, the state's claim against the estate of the decedent for taxes collected by him as county clerk was accorded priority merely because the debt was owed to the state, and the opinion gives no indication that the obligation was regarded as a claim for taxes.
This claim is not a tax entitled to a priority under section 64b (6) nor a debt given priority by state law under section 64b (7) of the Bankruptcy Act, and the claim must be considered on a par with that of other general creditors.
Order affirmed.