In the Matter of ATLAS TELEVISION Co., INC.
THE CITY OF NEW YORK, Appellant; NATHANIEL H. MANDELKER, Respondent.

Argued December 3, 1936; decided December 31, 1936.

*Paul Windels, Corporation Counsel* (*Paxton Blair, Oscar S. Cox* and *Sol Charles Levine* of counsel) for appellant. Since the city was imposing the taxes in question for State purposes as the agent or deputy of the State itself, it is identifiable with the State, which enjoys priority both as to taxes and as to debts. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137; *Matter of Carnegie Trust Co.,* 206 N. Y. 390; *Marshall* v. *New York,* 254 U. S. 380.) Apart from its right as the State's agent performing State functions, the city is entitled to priority because the sum in question is owed to the city in its sovereign or governmental capacity. (*Matter of Northern Bank of New York,* 85 Misc. Rep. 594; 163 App. Div. 974; 212 N. Y. 608; *Matter of Receivership of Columbian Ins. Co.,* 3 Abb. Dec. 239; *Wise* v. *Wise Co.,* 12 App. Div. 319; 153 N. Y. 507; *Matter of Atlas Iron Constr. Co.,* 19 App. Div. 415; *Matter of Donaldson,* 27 Misc. Rep. 745; *Matter of Welsbach Incandescent Gaslight Co.,* 59 N. Y. Supp. 1006; *Matter of Ripson & Newland Fur Co.,* 32 Misc. Rep. 56; *Matter of Bowlby,* 34 Misc. Rep. 311; *Mixter* v. *Mohawk Clothing Co.,* 155 N. Y. Supp. 647; *Matter of Empire State Surety Co.,* 125 Misc. Rep. 806.) The claim is one for taxes and not for a mere debt. (*Matter of Stalker,* 123 Fed. Rep. 961; *Roosevelt Hospital* v. *Mayor,* 84 N. Y. 108; *Dayton* v. *Stanard,* 241 U. S. 588; *Matter of Glover-McConnell Co.,* 9 Fed. Rep. [2d] 683; *Matter of Industrial Cold Storage & Ice Co.,* 163 Fed. Rep. 390.)

*Frederick E. Hammer, Nathaniel H. Mandelker* and *Benjamin N. Brody* for respondent. The question of priority of payment to the city of New York is to be determined solely by statutes enacted by the State Legislature or by ordinances enacted by the Municipal Assembly. (*Matter of Northern Bank of New York*, 212 N. Y. 608; *Matter of Carnegie Trust Co.*, 151 App. Div. 606; 206 N. Y. 390; *Ætna Casualty & Surety Co.* v. *Bramwell*, 12 Fed. Rep. [2d] 307; *Matter of City of Rochester* v. *Bloss*, 185 N. Y. 42; *Matter of Waller*, 142 Fed. Rep. 883; *N. Y. Steam Corp.* v. *City of New York*, 268 N. Y. 137; *U. S. Fidelity & Guaranty Co.* v. *Rainey*, 120 Tenn. 357; *People* v. *Ohle*, 345 Ill. 405; *Sturgis* v. *Meade County Bank*, 38 S. D. 317; *Bignell* v. *Cummins*, 69 Mont. 294; *Phillips* v. *Yates Center Nat. Bank*, 98 Kan. 383; *Multnomah County* v. *Oregon Nat. Bank*, 61 Fed. Rep. 912; *San Miguel County* v. *Peoples Bank & Trust Co.*, 34 N. M. 166; *Boone County* v. *Cantley*, 330 Mo. 911; *Frederick County* v. *Page*, 163 Md. 619; *Matter of Valley Deposit & Trust Co.*, 311 Penn. St. 495.) The city's claim does not fall within the classes of preference for taxes granted to sovereignties since the city is not a sovereignty nor is its claim a tax but a general debt. (*Matter of Wyoming Valley Ice Co.*, 145 Fed. Rep. 267; *Commonwealth* v. *Railroad*, 186 Penn. St. 235; *Commonwealth of Pennsylvania* v. *York Silk Mfg. Co.*, 192 Fed. Rep. 81; 232 U. S. 718; *Nolte* v. *Hudson Navigating Co.*, 8 Fed. Rep. [2d] 859; *Shannopin Country Club* v. *Heiner*, 2 Fed. Rep. [2d] 393; *Union Pacific Ry. Co.* v. *Bowers*, 33 Fed. Rep. [2d] 102; *Matter of Waller*, 142 Fed. Rep. 883; *Matter of Lazaroff*, 84 Fed. Rep. [2d] 982.)

LEHMAN, J.   In April, 1936, Atlas Television Co., Inc., made an assignment for the benefit of creditors.   The city of New York filed a claim for " taxes imposed pursuant to the provisions of Local Law No. 24 of the City of New York for the year 1934."   The assignee allowed the claim but refused to accord it priority over claims

filed by other creditors. The court at Special Term held that the city was entitled to priority in the payment of its claims. The Appellate Division by a divided court held otherwise, but granted leave to appeal and certified the question: " In a general assignment for the benefit of creditors made pursuant to the statutes of this State, is the claim of the City of New York for sales taxes which the assignor was obligated under Local Law No. 24 of 1934 to pay to the Comptroller, entitled to a preference? "

No statute in express terms provides a general priority in favor of the State or of a governmental agency of the State in the payment of debts due from an insolvent debtor. Even without such statutory provision the State as the holder of the sovereign power has a preference over other debtors in insolvency proceedings. (*Matter of Carnegie Trust Co.*, 206 N. Y. 390.) That is not true generally of debts due to cities of the State though such cities at times exercise governmental powers delegated to them. (*Matter of Northern Bank of New York*, 85 Misc. Rep. 594; affd. on the opinion of Mr. Justice LEHMAN, 163 App. Div. 974; affd., 212 N. Y. 608.)

In the opinion at Special Term I wrote: " The power to tax is a sovereign power and the city in laying a tax is acting as part of the State under authority given it by the people of the State, and in the exercise of this power it is entitled, I think, to all the prerogatives enjoyed by the sovereign under our common law, and its right to a preference in the distribution of the assets of an insolvent corporation has been declared in *Matter of the Receivership of Columbian Insurance Co.*, 3 Abb. Ct. App. Dec. 242; and in *Matter of Atlas Iron Construction Co.*, 19 App. Div. 415, and recognized in *Matter of Carnegie Trust Co., supra.* See, also, S. C., 151 App. Div. 606. In this case, however, the city seeks to go further, and claims a preference for taxes already collected by the city authorities. It seems to me that as soon as the taxes have been collected and deposited, the city's claim to these moneys ceases to be the claim of a sovereign" (p. 596).

The Court of Appeals in affirming without opinion the decision in that case that upon the liquidation of an insolvent bank the city has no preference for moneys collected as taxes and deposited in the bank, has not necessarily approved of the assumption in my opinion that the city would have preference in the *collection of a tax* due from an insolvent corporation. The assignee does not, however, challenge the distinction pointed out in the *Northern Bank* case. It is supported by authority, and seems to rest in reason. A tax has been defined as " a statutory liability imposed upon all the inhabitants of the state defined as taxable, to the end that they may contribute their just share to the expenses of government." (*Village of Charlotte* v. *Keon,* 207 N. Y. 346, 348.) Where taxes are not collected, the burden which one taxpayer escapes is placed upon those who do pay. Thus justice and fairness in government dictates equality in collection of taxes required to maintain the government, and justifies the assertion of the prerogatives of a sovereign in demanding a preference in collection over the claims of creditors. The courts below, too, have assumed that the city has such a preference in the collection of taxes. Preference has been denied in this case because in the opinion of the Appellate Division the city's claim is not for taxes due to the city from the insolvent, but for moneys collected by the insolvent as agent for the city.

The city of New York was empowered by the Legislature to impose taxes for relief. (Laws of 1934, ch. 873.) Pursuant to that statute the local legislative body of the city passed " Local Law No. 24 " (published as Local Law No. 25; Local Laws of 1934, pp. 164–175) which provides that " there shall be paid a tax of two per centum upon the amount of the receipts from every sale in the city of New York of (a) tangible personal property sold at retail," etc. (§ 2.) Concededly the insolvent assignor has sold property at retail, and has not paid any tax upon the receipts of the sales. It is the contention of the

assignee that even though the vendor of property is the person entitled to the "receipts from every sale," the tax is laid upon the purchaser, and that the vendor is required only to collect the tax as the collecting agent of the city and though required to pay to the city the amount of the tax, his liability is only that of an ordinary debtor.

The statute contains provisions which lend support to the respondent's contentions. It places obligations upon both vendor and purchaser and describes these obligations as follows:

"Upon each taxable sale or service the tax to be collected shall be stated and charged separately from the sale price or charge for service and shown separately on any record thereof, at the time when the sale is made or evidence of sale issued or employed by the vendor and shall be paid by the purchaser to the vendor, for and on account of the city of New York, and the vendor shall be liable for the collection or the service rendered; and the vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale.

"Where a purchaser has failed to pay and a vendor has failed to collect a tax upon a sale or service, as imposed by this local law, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the comptroller and it shall be the duty of the purchaser to file a return thereof with the comptroller and to pay the tax imposed thereon to the comptroller within fifteen days after such sale was made or service rendered" (§ 2).

In a bankruptcy proceeding it has been held that the obligations so defined constitute a tax upon the purchaser and a debt of the vendor in the amount of money which he collected or should have collected from the purchaser and that the city is entitled to no preference in the pay-

ment of that debt in bankruptcy proceedings of the debtor, since the city is entitled to no preference under the laws of the State of New York. (*Matter of Lazaroff*, 84 Fed. Rep. [2d] 982.)

We might agree with that conclusion if the local law did not contain other provisions which indicate that the obligation imposed upon the vendor is in the nature of a tax. He must file a return of his receipts from sales. (§ 5.) The duty of payment *to the city* is laid upon the vendor, not the purchaser. His liability is not measured by the amount actually collected from the purchaser but by the receipts required to be included in such return. (§ 6.) He must pay the tax even if failure to collect is due to no fault of his own. Indeed the city has insisted that a vendor is liable for a tax of two per cent upon the amount of his receipts even from sales within the amount, stated in regulations promulgated by the Comptroller pursuant to section 3 of the local law, upon which " no tax need be collected from the purchaser." (*Queens Vending Corp.* v. *City of New York*, 246 App. Div. 594.)

Whether the city is entitled to a priority depends upon whether its claim is that of the sovereign people, acting through the agency of the city, or is that of the city acting as a semi-private municipal corporation. Taxation is an attribute of sovereignty and the city acts as sovereign when it imposes an obligation upon its inhabitants to contribute to the expenses of government and when it collects that obligation. That is true no less if we denominate the obligation by some other term than a " tax," so long as it constitutes an obligation created by the sovereign to contribute to the expense of government. Distinctions resting solely in words should carry here no legal consequences. We must look to the substance of the obligation.

From that point of view it seems clear that the city is entitled to a priority. It has imposed a tax as sovereign and to meet a need which concerns the welfare of the

State. It has provided that the vendor of property must pay the tax to it. Though the vendor is required, at least in most cases, to collect the tax from the purchaser " for and on account of the city," the purpose of that provision is to place the incidence of the tax immediately on the consumer. The city can collect only from the vendor. The vendor's obligation to pay the tax is not measured by the amount collected nor dependent upon failure to exercise the diligence in collection which would be required of an agent. It is an obligation measured by the receipts of the vendor and created by the local law. If the city has no priority in collecting a claim founded upon this obligation, the other creditors of the vendor share in money collected by the vendor for payment to the city. Fine-spun distinctions are here out of place. The local law provides that the " vendor shall pay the tax " and the city is entitled as sovereign to priority for such payment.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs. The question certified should be answered in the affirmative.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.