## In re CHESTNEY RESTAURANT, Inc.

District Court, S. D. New York.

March 17, 1938.

N. William Welling, of New York City, for trustee.

William C. Chanler, Corp. Counsel, of New York City (Oscar S. Cox and Sol Charles Levine, both of New York City, of counsel), for City of New York.

CAFFEY, District Judge.

There are three questions to be passed on: (1) Is the claimant (city of New York) entitled to priority? (2) Is the claimant entitled to interest on $600 (the amount in which its claim has been allowed)? (3) If so, from what date should the interest run?

Inasmuch as the estate has not been distributed, I agree with the referee that In re Jayrose Millinery Co., 2 Cir., 93 F.2d 471, requires that the claimant be accorded priority. It is incontrovertibly clear that the denial by the order of October 30, 1936, of priority was attributable exclusively to the referee, as well as the claimant and the trustee, relying upon In re Lazaroff, 2 Cir., 84 F.2d 982, which was decided July 6, 1936, several months prior to the hearing before the referee on October 28, 1936, when the composure, with respect to the amount in which the claim should be allowed, was reached by

counsel. On January 18, 1937, however, the Lazaroff Case was reversed. New York City v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384. In consequence, it is clear that both the referee and counsel acted in October, 1936, under a mistaken impression of what was the law. While the minutes of October 28, 1936, do not affirmatively bring out this fact, it is recited in the referee's certificate of February 21, 1938. Even though what happened in October, 1936, was under mistake of law, I feel that the Jayrose Case not alone permitted but required the referee to correct the mistake.

■ The argument of the trustee to the contrary is that the consent by the claimant, through its counsel, to the order of October 30, 1936, was tantamount to a contract by the claimant from which it cannot be relieved except upon a showing of fraud or mistake of fact. In this view, however, I cannot concur. Indeed, as I read the decision, in principle, In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182, upon which the court relied in the Jayrose Case, is the other way. Moreover, while the facts are not sufficiently stated to enable me to be sure of its meaning, an expression at page 764 of In re Keyes, D.C., 160 F. 763, also relied on in the Jayrose Case, likewise points the other way.

I do not think that Edwards v. Turner, Tenn.Ch.App., 47 S.W. 144; or Schmidt v. Oregon Gold Mining Co., 28 Or. 9, 40 P. 406, 52 Am.St.Rep. 759; or Alcorn County v. Tuscumbia Drainage Dist., 102 Miss. 401, 59 So. 798, sustains the trustee. It seems to me these cases are distinguishable on their facts. Even if not, however, I feel obligated to adopt my interpretation of the Pottasch Case, supra.

■ I have no doubt that the claimant is entitled to interest to the date the claim is paid. It is both interesting and difficult, however, to determine the date from which the interest should be computed (left open by the February 3 order). I have not had time to go thoroughly into the matter. My feeling, however, is that it should run only from January 20, 1938, the date of the motion for an order vacating the order of October 30, 1936, which did not award interest. As I see it, the making of the application, covered by that motion, was the equivalent of a demand and, in principle, United States v. Anchor Warehouses, 2 Cir., 92 F.2d 57, fixes the date of the demand as the time from which interest should be paid. I do not regard In re Semon, D.C., 11 F.Supp. 18, modified in 2 Cir., 80 F.2d 81, as determinative or even helpful. There the provisions of the federal tax laws were controlling. In this connection counsel may care to examine Ticonic National Bank, et al. v. Sprague, 58 S.Ct. 612, 82 L.Ed. ——, in which the opinion was handed down March 7, 1938.

The referee's order of February 3, 1938, is modified so as to provide that interest on the allowed amount of the claim shall run from January 20, 1938, and, as so modified, the order is confirmed.

Settle order accordingly on two days' notice.