In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the LLOYDS INSURANCE COMPANY OF AMERICA.

(Claims Nos. 1–CO–4824, 5–CO–6637, 1–CO–6615.)

THE SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of the LLOYDS INSURANCE COMPANY OF AMERICA, Appellant; INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Claimant, Respondent.

First Department, June 10, 1938.

*Irvin Waldman* of counsel [*Alfred C. Bennett,* attorney], for the appellant.

*Paul Balsam* of counsel [*Joseph A. McLaughlin* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the respondent.

GLENNON, J. The sole issue to be determined on this appeal is whether three claims arising out of awards made by the State Industrial Board to the Special Fund and Vocational Rehabilitation Fund, under section 15, subdivisions 8 and 9, respectively, of the Workmen's Compensation Law, are entitled to a preference and

priority of payment in this liquidation proceeding as debts due to the State of New York in its sovereign capacity for the support of its government.

A brief summary of the facts is essential to present the point in issue. Three men, whose employers were insured against liability for workmen's compensation by policies assumed by Lloyds Insurance Company of America, died as a result of injuries sustained in the course of their employment. They left no dependents who were entitled to receive compensation. As a result the Industrial Commissioner presented three separate claims on behalf of the Special State Fund and the Vocational Rehabilitation Fund. (Workmen's Compensation Law, § 15, subds. 8 and 9.) An award of $1,000 on each claim was made by the State Industrial Board, payable as follows:

" $500 in accordance with subdivision 8 of section 15, payable by the employer or his insurance carrier, to the order of Industrial Commissioner, ' Special Fund,' " and a further payment of

" $500 in accordance with subdivision 9 of section 15, payable by the employer or his insurance carrier, to the order of Industrial Commissioner, ' Vocational Rehabilitation Fund.'

" Both checks to be forwarded to, Cashier, Department of Labor, 150 Leonard Street, New York, N. Y."

Lloyds Insurance Company of America, the carrier, became insolvent before the awards were paid and the Superintendent of Insurance, as liquidator, took possession of its property. The Industrial Commissioner thereafter made claims in the liquidation proceeding for the amounts of the awards. He also demanded a preference and priority of payment on the ground that the claims arising out of the awards are debts due to the State of New York in its sovereign capacity.

The matter was referred to a referee who reported that the claims should be allowed against the estate of the defunct company only as general claims. Special Term, by order, modified the referee's report and granted a preference. From that order this appeal was taken.

Section 15, subdivision 8, of the Workmen's Compensation Law, entitled " Permanent Total Disability After Permanent Partial Disability," provides for the payment of additional compensation to certain employees who suffer a total permanent disability after a permanent partial disability, and requires that the additional compensation be paid out of a special fund created for the purpose as follows: " The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death in which there are no persons entitled to compensation the

sum of five hundred dollars. The Commissioner of Taxation and Finance shall be the custodian of this special fund, and the Commissioner shall direct the distribution thereof."

Subdivision 9 of the same section relates to the expenses for rehabilitation of injured employees and requires the payment of the sum of $500 into the fund by an employer or his insurance carrier for every case of injury causing death in which there are no persons entitled to compensation, and provides that the Commissioner of Taxation and Finance shall be the custodian of this fund.

It is contended by the Superintendent of Insurance that the State of New York in enforcing the provisions of section 15, subdivisions 8 and 9, of the Workmen's Compensation Law, is not entitled to a preference or a priority of payment against the estate of the defunct company because, in pressing the claims, it does not act in its capacity as a sovereign, but rather as a trustee for a limited group of persons, who may or may not be residents of the State of New York.

On the other hand, the Industrial Commissioner argues that the claims are due to the State as a sovereign, and payable into special funds for an obligation which the Legislature has imposed upon the sovereign to its residents.

It is our opinion that the contention of the Superintendent of Insurance is sound, and that the State acts as a trustee or in an administrative capacity in the collection and disbursement of these two funds set up in the Workmen's Compensation Law. From the language of the statute itself it is manifest that the purpose of the Legislature in setting up the funds was beneficent. It sought to aid injured employees — resident and non-resident — who because of their physical condition need further monetary aid or vocational rehabilitation. It did not intend to bring into the State Treasury moneys with which to enable the State to defray its ordinary governmental expenses. It will be noted that the two funds in question consist of the payments made by employers, or their insurance carriers, in cases where an employee dies as a result of injuries sustained in the course of his employment and where he leaves no persons entitled to receive compensation. The statute itself makes provision that payments are to be made "into the fund." It makes further provision that all administrative expenses are to be paid out of the funds. The section does not impose upon the State any further obligation than to collect and use the funds through a State agency for the benefit of the classes of employees enumerated in the statute. Thus the State acts

as a trustee or in an administrative capacity in the collection and distribution of the funds.

The test to be applied in cases of this kind was recently stated in *Matter of General Indemnity Corp. of America* (251 App. Div. 236; affd., 275 N. Y. 616). In that case Mr. Justice Cohn wrote:

" It is undoubtedly the rule in this jurisdiction that the State as the sovereign power has a preference over other creditors in insolvency proceedings. (*Marshall* v. *New York*, 254 U. S. 380; *Matter of Atlas Television Co.*, 273 N. Y. 51, 54; *Matter of Carnegie Trust Co.*, 206 id. 390.) The prerogative, however, is the right of the State alone and it is not available to its political subdivisions, such as a city. (*Matter of Northern Bank of New York*, 85 Misc. 594; affd. on opinion of Mr. Justice Lehman, 163 App. Div. 974; affd., 212 N. Y. 608.)

" The purpose of the sovereign prerogative is to protect the revenue of the State and to insure against loss of governmental moneys, to meet the expenses of government and to discharge public debts and obligations of the State. (*Matter of Carnegie Trust Co., supra; Matter of Atlas Television Co., supra*, at p. 55; *Matter of Niederstein*, 154 App. Div. 238; *State ex rel. Rankin* v. *Madison State Bank*, 68 Mont. 342; 218 P. 652; *People ex rel. Nelson* v. *West Englewood Trust & Sav. Bank*, 353 Ill. 451; 187 N. E. 525; *Matter of Central Bank of Willcox*, 23 Ariz. 574; 205 P. 915; *Seay* v. *Bank of Rome*, 66 Ga. 609.) "

The facts are analogous. There a foreign corporation, desiring to write workmen's compensation insurance in this State, filed a surety company bond with the Superintendent of Insurance. The bond was executed in favor of the People of the State of New York and was, in effect, a guaranty by the surety company that all compensation awards would be paid to the claimants by the foreign insurance company. Both the surety and the insurance company became insolvent. In the liquidation proceeding of the surety the State claimed a preference and priority of payment of the full amount of the bond. In rejecting the claim of the State Mr. Justice Cohn further stated: " It is clear that the claim under the bond could not result in bringing funds into the State for the support of its government and is, therefore, entitled to no right of priority of payment from the assets of the defunct company."

The same reasoning applies with equal force to the facts presently before us, and compels the conclusion that the claims presented by the Industrial Commissioner in this liquidation proceeding are to be allowed against the estate of the defunct company as general claims only.

There is one further point raised by respondent which deserves consideration. It is claimed that the Legislature by the enactment of section 25-a of the Workmen's Compensation Law has clearly indicated that it intends to treat these two funds as State funds, to be used in carrying out governmental functions. By the provisions of this section the Legislature transferred $250,000 from the Vocational Rehabilitation Fund set up by section 15, subdivision 9, of the Workmen's Compensation Law to a third fund which was established for the purpose of aiding another class of injured employees and their dependents. It must be borne in mind, however, that the Legislature did not deviate from the original purpose for which the funds were established. It is quite apparent that it was the intent of the law makers to render additional assistance to certain employees and their dependents who were entitled to the benefits of the Workmen's Compensation Law.

For the reasons assigned the order of Special Term should be reversed, with twenty dollars costs and disbursements, and the motion to confirm the report of the referee granted.

MARTIN, P. J., O'MALLEY and DORE, JJ., concur; UNTERMYER, J., dissents.

Order reversed, with twenty dollars costs and disbursements, and the motion granted. Settle order on notice.