## In re KANALY.

### No. 6817.

### District Court, W. D. Oklahoma.

### July 5, 1938.

Tomerlin, Chandler, Shelton & Fowler, of Oklahoma City, Okl., for trustee.

C. D. Cund, of Oklahoma City, Okl., and A. L. Herr, of Chickasha, Okl., for Oklahoma Tax Commission.

VAUGHT, District Judge.

An involuntary petition in bankruptcy was filed against Hurley M. Kanaly on May 4, 1937. Thereafter, on May 26, 1937 an order was made duly adjudicating him a bankrupt. The matter was duly referred to the referee and a trustee elected and qualified. Within due time, the state of Oklahoma filed a claim against the estate for the sum of $431.33, which claim was given the number "3–B". Priority was claimed for the state of Oklahoma on the theory that the amount of the claim was due and owing the state of Oklahoma under the sales tax due from retailers under Chapter 66, article 7, of the Session Laws of 1935, which provided a tax of one per cent upon retail sales.

The trustee objected to the allowance of the claim as a priority claim on the theory that under the terms of the Sales Tax Act, the tax is paid by the consumer and consequently when so paid to the vendor, the state's claim against the latter then became only a debt against the vendor, and the state has no greater right to priority out of the assets of such estate than any other general creditor.

The matter was heard by the referee, who held that the claim was not entitled to priority and the matter has been certified to this court for the purposes of reviewing the order of the referee.

The Oklahoma Sales Tax law is embodied in Article 7, Chapter 66, Session Laws 1935. Section 3 of said article defines the taxpayer as follows: "The term 'taxpayer' shall mean any person liable for any tax hereunder." Section 4 in part is as follows: "There is hereby levied a tax of one (1%) per centum upon the gross proceeds of all sales and/or purchases of all tangible personal property, consisting of goods, wares or merchandise, sold to or purchased by consumers and/or users within the State of Oklahoma * * *."

Section 6: "The taxes levied hereunder shall be due and payable monthly; and for the purpose of ascertaining the amount of tax payable under this Act, it shall be the duty of all vendors, on or before the 20th day of the month following the month in which this Act shall become effective, to transmit to the Commission, upon forms prescribed, prepared and furnished by it, returns, under oath, showing the gross proceeds arising from all sales and/or purchases taxable under this Act, during the preceding calendar month, or during the part of the preceding calendar month running from the effective date of this Act to the end of such month; and thereafter, like returns shall be prepared and transmitted

[1] No opinion for publication.

to said Commission, by all vendors, on or before the 20th day of each month, for the preceding calendar month. Such returns shall show such further information as the Commission may require to enable it to correctly compute and collect the tax herein levied. Every vendor, at the time of making the return required hereunder, shall compute and remit to the Commission the required tax due for the preceding calendar month.

\* \* \* \* \*

"(d) And for the purpose of collecting and remitting to the State the tax imposed by this Act, the vendor collecting such tax shall be, and is hereby declared to be, the agent of the State for such purposes, and the failure of any such vendor to remit or pay such tax to the State shall constitute embezzlement and be punishable as provided by law for the embezzlement of public funds."

Section 8 in part provides:

"The tax levied hereunder shall be paid by the consumer and/or user to the vendor, and it shall be the duty of each and every vendor in this State to collect from the consumer or user, the full amount of the tax imposed by this Act, or an amount equal as nearly as possible and/or practicable to the average equivalent thereof.

"Vendors shall add the tax imposed under this Act, or the average equivalent thereof, to the sales price or charge, and when added such tax shall constitute a part of such price or charge, shall be a debt from consumer or user to vendor until paid, and shall be recoverable at law in the same manner as other debts."

Section 9 in part provides: "(a) At the time of transmitting the return required hereunder, to the Commission, the vendor shall remit therewith, to said Commission, the amount of the tax due under the applicable provisions of this Act, and failure to remit such tax, at the time of filing the return, shall cause said tax to become delinquent."

Section 11 in part provides: "Independently of all other remedies and proceedings authorized by this Act for the enforcement of the collection and payment of taxes hereby levied, a right of action, by suit in the name of the State of Oklahoma, on relation of the Oklahoma Tax Commission, is hereby created against the vendor; and such suit shall be maintained and prosecuted, and all proceedings taken, to the same

effect and extent as for the enforcement of a right of action for debt; and all provisional remedies available in such actions shall be, and are hereby, made available to the State of Oklahoma in the enforcement of the payment of any tax accruing hereunder. Any vendor refusing to make a return, or to remit the tax hereby levied, may be enjoined from operating as a vendor, upon the complaint of the Oklahoma Tax Commission in any court of competent jurisdiction in the county where such vendor resides or conducts a place of business until such return shall have been made and the tax remitted to the Oklahoma Tax Commission."

Section 13 in part provides: "If any tax imposed by this Act, or any portion of such tax, be not remitted when due, the Commission may, issue a warrant under its official seal, directed to the Sheriff of any county of the State, commanding him to levy upon and sell any real and/or personal property of the vendor, found within his county, for the payment of the amount thereof, with the added penalties, interest and the cost of executing the warrant, and to return such warrant to the Commission and to pay to it the money collected by virtue thereof by a time to be therein specified, not more than sixty days from the date of the warrant. \* \* \*"

Section 14 in part provides: "(a) A right of action is hereby created to afford a remedy at law for any vendor aggrieved by the provisions of this Act; and in case of any such vendor resisting the collection of any tax hereby levied, or the enforcement of any provision of such laws in relation thereto, such vendor shall remit the tax and shall give the Commission notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice, the tax so remitted shall be segregated and held by the Commission, in its Depository Account with the State Treasury, for a period of thirty (30) days; and if suit be filed within such time for the recovery of such tax, such fund so segregated shall be further held, pending the outcome of such suit. \* \* \*"

The section of the Bankruptcy Act under which the claim for priority is asserted by the Tax Commission in this case is Section 64, 11 U.S.C.A. § 104, and the relevant parts of such section are quoted as follows: "(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States,

State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof. * * * The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

The question for determination is whether or not the claim for taxes, collected by the vendor, under the Bankruptcy Act, constitutes a debt which is entitled to priority. The interpretation placed upon this law by the highest court of the state would be controlling but since the Supreme Court of Oklahoma has not passed directly upon this question, it is necessary to determine the matter in controversy without benefit of the decision of the highest court of the state.

A very similar case was before the Circuit Court of Appeals, Second Circuit, City of New York v. Goldstein, 84 F.2d 982, and in that case the court held that as the tax was collected from the consumer by the vendor, who acted in the capacity of agent of the state for the purposes of collecting the tax, it became a debt and was not a tax. The concluding paragraph of that opinion is as follows (page 983): "This claim is not a tax entitled to a priority under section 64b (6) nor a debt given priority by state law under section 64b (7) of the Bankruptcy Act [11 U.S.C.A. § 104 (b) (6, 7)] and the claim must be considered on a par with that of other general creditors."

This case was appealed to the Supreme Court of the United States, 299 U.S. 583, 57 S.Ct. 109, 81 L.Ed. 430, which court denied certiorari.

The highest court of the state of New York had not construed the state law at the time of the rendition of this opinion by the Second Circuit Court of Appeals. However, in a later case, In re Atlas Television Co., Inc., 273 N.Y. 51, 6 N.E.2d 94, the Court of Appeals of New York, in passing upon a similar question, said (page 96): "From that point of view it seems clear that the city is entitled to a priority. It has imposed a tax as sovereign and to meet a need which concerns the welfare of the state. It has provided that the vendor of property must pay the tax to it. Though the vendor is required, at least in most cases, to collect the tax from the purchaser 'for and on account of the city,' the purpose of that provision is to place the incidence of the tax immediately on the consumer. The city can collect only from the vendor. The vendor's obligation to pay the tax is not measured by the amount collected nor dependent upon failure to exercise the diligence in collection which would be required of an agent. It is an obligation measured by the receipts of the vendor and created by the local law. If the city has no priority in collecting a claim founded upon this obligation, the other creditors of the vendor share in money collected by the vendor for payment to the city. Finespun distinctions are here out of place. The local law provides that the 'vendor shall pay the tax,' and the city is entitled as sovereign to priority for such payment."

After the Court of Appeals of New York had held that the claim was a claim for taxes and was not a mere debt, a petition for rehearing was filed in the case which had been appealed from the Circuit Court of Appeals, Second Circuit, whereupon the Supreme Court of the United States vacated the order denying a petition for writ of certiorari, granted the writ, reversed the decree of the Circuit Court of Appeals, and remanded the case to the District Court for further proceedings. City of New York, Petitioner, v. Goldstein, Trustee, etc., 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384.

The referee in the case at Bar has filed a most excellent opinion and has reviewed decisions of various state and federal courts on this question and, while I agree with the substance of his order, I cannot bring myself to the conclusion that the vendor, the bankrupt in this case, was not more than an agent of the state for the purposes of collecting the tax. Section 6(d), supra, expressly provides that the tax shall be paid by the vendor to the state. There is no provision in the Act for the consumer to pay the tax directly to the state. The most that could be said is that the consumer is the primary taxpayer but whether he pays the tax or not, the vendor is not relieved from the payment of this tax to the state. The vendor is presumed to add the tax to the regular sales price of the article sold and to collect this tax in addition to the selling price of the article,

but the entire burden and obligation for the collection of this tax and the payment of the tax to the state is placed upon the vendor.

In view of the New York decision and in view of the decision of the Supreme Court of the United States in reversing its prior decision, the court is convinced that the Court of Appeals of New York is correct in its position, which court, in the quoted part of the decision hereinbefore set out, said: "The vendor's obligation to pay the tax is not measured by the amount collected nor dependent upon failure to exercise the diligence in collection which would be required of an agent. It is an obligation measured by the receipts of the vendor and created by the local law. If the city has no priority in collecting a claim founded upon this obligation, the other creditors of the vendor share in money collected by the vendor for payment to the city. Finespun distinctions are here out of place. The local law provides that the 'vendor shall pay the tax,' and the city is entitled as sovereign to priority for such payment."

The court, therefore, concludes that the state is entitled to priority and the order of the referee is reversed with instructions to approve the claim as a priority claim. An exception is allowed.