In the Matter of the General Assignment for the Benefit of Creditors of TORPEDO DRESS CORP., Assignor, to BERNARD H. LEVINE, Assignee.*

THE CITY OF NEW YORK and STATE OF NEW YORK, Claimants.

Supreme Court, Special Term, New York County, November 3, 1938.

* Affd., 259 App. Div. 994; affd., 285 N. Y. 626.

*Max Chertok*, for the assignee.

*William C. Chanler, Corporation Counsel* [*Morris L. Health, Assistant Corporation Counsel*, of counsel], for the City of New York, claimant.

*John J. Bennett, Jr., Attorney-General* [*W. Gerard Ryan, Assistant Attorney-General*, of counsel], for the State of New York, claimant.

ROSENMAN, J. Motion by assignee to settle his account is granted. The assignee shall receive his commissions of twenty-one dollars and seventy cents. His attorney's fee is fixed at $100. The United States Collector of Internal Revenue shall be paid in full. The objection by the City of New York with respect to the payment due the New York State Unemployment Insurance Fund for unemployment insurance taxes is overruled. The latter is entitled to a priority over the City of New York for sales taxes which has itself a preference over other general creditors with respect to such taxes. (*Matter of Atlas Television Co.*, 273 N. Y. 51.)

Subdivision 6 of section 522 of the Labor Law provides that " In the event of * * * assignment for the benefit of creditors, of any employer, contributions then and thereafter due from such employer under this article * * * shall have priority over all other claims, except taxes due the United States or the State of. New York, and wages due for employment performed within three months preceding such event." No mention is made therein of a priority to any city collecting or assessing taxes as agent of the sovereign State. Although the " city acts as sovereign when it imposes an obligation upon its inhabitants to contribute to the expenses of government," such as a sales tax (*Matter of Atlas Television Co., supra*, p. 57), the proceeds of the tax are not " taxes due * * * the State of New York " under subdivision 6 of section 522 of the Labor Law.

This statute undertakes to set out a definite priority for unemployment insurance taxes over and above all other debts except those due to certain sovereignties, viz., the Federal and State governments. By reference to certain sovereignties and exclusion of one (the city) the intention of the Legislature seems clear that the city should have no priority over unemployment insurance taxes.

In *Matter of Carnegie Trust Co.* (151 App. Div. 606; affd., 206 N. Y. 390) and *Matter of Niederstein* (154 App. Div. 238) there was no such statute as subdivision 6 of section 522 of the Labor Law giving express priority to certain definitely-named sovereignties. In

the former case the question was whether or not the State, being a depositor in and a creditor of an insolvent bank or trust company, was entitled to a preference in payment over unsecured creditors. The contention urged against the State was that the Banking Law (§§ 189 and 190) failed to provide for the State's priority, but did provide for preferences to executors, administrators, guardians, trustees, etc. In the latter case the question presented was whether the State had priority in the payment of debts of a decedent under section 2719 of the Code of Civil Procedure, which provided for certain classes of preferred creditors to be paid in the order named therein but failed to mention any preference for the State. In both instances the court held that the State was entitled to a priority in spite of the absence of any specific provision to that effect, because of the common-law preference which the sovereign inherently has and which must have been known to the lawmakers in promulgating the statutes in question.

Here, however, the Legislature, in clear and unambiguous language, has set forth the preferences of certain sovereigns. It has carefully avoided mention of cities.. The Unemployment Insurance Fund is a State fund and as a State agency exercises a State governmental function. It has specifically been given a statutory preference except as to the named sovereigns and wage earners.

In the recent case of *Matter of Buchler Caterer, Inc.* (N. Y. L. J. April 4, 1938, p. 1622; affd., 255 App. Div. 770; Id. 837), the question was whether the city had a preference for its claim for sales taxes over wage claims in an assignment for the benefit of creditors. The Special Term, which held that wages were preferred, was affirmed by the Appellate Division. The record on appeal in that case discloses that there was a sum also due to the Unemployment Insurance Fund, which the lower court placed in *pari passu* with the city's claim for sales taxes. That portion of the decision, however, was not made part of the appeal; nor was the point argued by the city in its brief in the Appellate Division. Therefore, it cannot be said that the Appellate Division has ruled on the point in question.

The State, therefore, for the reasons hereinabove set forth, shall have priority for its unemployment insurance taxes over the City of New York's claim for sales taxes and business taxes.

The claim of the State Insurance Fund for premiums due for workmen's compensation insurance, however, shall be subordinated to the priority of the city for sales taxes and business taxes. Preference is given to such fund by section 130 of the Workmen's Compensation Law, except as to wage claims. No mention is made in that section of priorities of sovereigns in their claims for taxes. Common-law priority, therefore, must prevail. The City of New York, as above noted, exercises sovereignty in respect to the collection of sales taxes.

The State Insurance Fund, as regards workmen's compensation, however, is not a State agency in the same sense as is the Unemployment Insurance Fund. As to workmen's compensation it is merely a managed fund competing on the same basis with other private insurance companies in insuring employers against the claims of their employees for compensation for injuries. As such, it should have no more preferment than any other company or association transacting workmen's compensation insurance business, except as specifically given to it by statute. The preference given to it by section 130 of the Workmen's Compensation Law contemplates priority over general creditors. The omission to mention the State or other governmental agencies exercising the attribute of sovereignty does not destroy the common-law priority given to those sovereigns. As to this section, there is manifest no intention to exclude such priority, thus differing with the intention expressed in subdivision 6 of section 522 of the Labor Law, heretofore discussed. Settle order.