### In re NATIONAL STUDIOS, Inc.

### CITY OF NEW YORK v. FEIRING.

### No. 171.

Circuit Court of Appeals, Second Circuit.

March 17, 1941.

Writ of Certiorari Granted April 14, 1941.

See 61 S.Ct. 843, 1028, 85 L.Ed. ——.

CLARK, Circuit Judge, dissenting.

———◆———

Benjamin Siegel, of New York City, for trustee-appellee.

William C. Chanler, Corp. Counsel, of New York City (Paxton Blair, Sol Charles Levine, and Morris L. Heath, all of New York City, of counsel), for claimant-appellant.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The City of New York filed its claim against the estate of National Studios, Inc., a bankrupt adjudicated in the District Court for the Southern District of New York, for taxes on sales of tangible personal property imposed by local laws for the period beginning December 10, 1934, and ending January 10, 1939. Priority was claimed under Sec. 64, sub. a (4), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a (4), and the claim, the amount of which has been adjusted by agreement and stipulated, was granted priority by the referee and so allowed. On review the District Court denied priority and this appeal raises only that issue. It was also stipulated that only part of the amount of the claim was for taxes actually collected by the bankrupt from its vendees; the remainder being for what the bankrupt failed to collect though required so to do.

The local laws involved are known as No. 20, published as No. 21, of 1934, p. 143, as amended; No. 29 of 1935, p. 147; No. 31 of 1936, p. 145; No. 20 of 1937, p. 239; and No. 21 of 1938, p. 263, adding Administrative Code, § N41–1.0 et seq. Whether or not the claim is entitled to priority depends upon whether under their provisions the bankrupt was liable to the city as a taxpayer who owes a tax or as a tax collector who owes as a debt the amount of taxes collected or to be collected. Nolte v. Hudson Nav. Co., 2 Cir., 8 F.2d 859; United States v. Baltimore & Ohio R. R. Co., 17 Wall. 322, 21 L.Ed. 597; Commonwealth of Pennsylvania v. York Silk Mfg. Co., 3 Cir., 192 F. 81; In re Goldstein, D.C., 13 F.Supp. 991; In re Waller, D.C., 142 F. 883. These local laws are all substantially alike except that the 1938 law, which became effective on July 1, in that year contained the phrase "the vendor shall be liable for the collection thereof and for the tax", section N41–2.0, which was new language but merely stated more concisely what was the effect of the prior laws, and the appellant does not rely upon that change for any distinction between what is due under the 1938 law and the ones previously in effect.

The first law which is Local Law No. 20 of 1934 (erroneously given number 21 in the compilation published at Albany) as amended by Local Law No. 24 (erroneously numbered 25 in the compilation, p. 164) is typical of all and the entire claim will be treated as though it were based on taxes assessed thereunder.

In section 2 a tax is imposed upon receipts from every sale of tangible personal property sold at retail in the City of New York, and it is provided that the tax shall be stated and charged separately from the sale price when the sale is made or evidence of it issued and "shall be paid by the purchaser to the vendor, for and on account of the city of New York, and the vendor shall be liable for the collection * * *." The vendor is given the same right in respect to the collection of the tax from the purchaser "as if the tax were a part of the purchase price of the property * * * and payable at the time of the sale." In section 4 the vendor is required to keep records of receipts from sales and of the taxes payable thereon, and in section 5 the duty is placed upon him to file returns quarterly or otherwise as the comptroller may permit or direct. Section 6 deals with the payment of the taxes. It provides that

each vendor shall, at the time of filing a return, pay the taxes to the comptroller upon the receipts required to be included in such return and that all taxes for the period for which a return is required to be filed shall be due from the vendor and payable to the comptroller whether or not a return is filed and whether or not, if filed, the return is correct. The comptroller is empowered to compel "any vendor required to collect the tax imposed by this local law" to furnish an approved bond "to secure the payment of any tax and/or penalties due or which may become due from such vendor," or require a deposit to be made in lieu of the filing of a bond. Section 7 relates to the procedure for determining the amount due, and section 8 provides that "whenever any vendor or purchaser shall fail to collect and pay over any tax and/or to pay any tax or penalty imposed by this local law as in this local law provided, the corporation counsel shall, upon the request of the comptroller, bring an action to enforce the payment of the same." An alternative remedy against both the vendor and purchaser by levy upon property is also provided. And in section 3 the Comptroller is authorized to relieve the vendor from the duty of collecting the tax from the purchaser on small sales and to the extent that taxes are payable on that score we reserve decision, as this record does not show that any such taxes were claimed. Whenever the vendor failed to collect the taxes from the purchaser as the law required, the taxes were made payable also by the purchaser directly to the Comptroller but in all other instances the vendor was alone made liable for their payment to the Comptroller; the duty of the purchaser being to pay the vendor.

We first had occasion in In re Lazaroff, 2 Cir., 84 F.2d 982, to decide whether this local law imposed upon the vendor taxes which should be allowed as a prior claim against the estate of a bankrupt vendor and held that it did not. We also held that no debt was thereby created which was entitled to priority because accorded priority in payment under state law. Certiorari was at first denied. New York City v. Goldstein, Trustee in Bankruptcy, 299 U.S. 583, 57 S.Ct. 109, 81 L.Ed. 430. Following that, the New York Court of Appeals held in Matter of Atlas Television Co., 273 N.Y. 51, 6 N.E.2d 94, that where a general assignment for the benefit of creditors was made under state law a claim

of the City of New York for sales taxes was entitled to priority. At that time, though not now, a claim given priority under state law was entitled to priority under the Bankruptcy Act and certiorari was then granted in In re Lazaroff, supra, with the result that our decision was reversed on the authority of Matter of Atlas Television Co., supra. New York City v. Goldstein, Trustee in Bankruptcy, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384. Apparently it was not held in the Atlas Television case that it was necessary to be entitled to priority under state law that the claim be one for taxes imposed upon the vendor. As it was based upon an obligation making the vendor liable for the payment to the city which exercised sovereign power in creating the obligation, priority did not depend upon whether the vendor or the purchaser was taxed. So long as the vendor was bound to pay whether he collected the tax from the purchaser or not a claim based upon his default in the payment of whatever might be due the city on account of such taxes was to be given priority upon the principle that the sovereign is to be given a preference over other creditors in insolvency proceedings. Matter of Carnegie Trust Co., 206 N.Y. 390, 99 N.E. 1096, 46 L.R.A.,N.S., 260. Decision in the Atlas Television case did not necessarily depend upon the actual taxation of the vendor for the issue was broadly one of priority only and that it was not based upon any holding that the vendor was made liable for taxes as such is made even clearer by later decisions of the same court. Kesbec, Inc. v. McGoldrick, 278 N.Y. 293, 16 N.E.2d 288; Merchants Refrigerating Co. v. Taylor, 275 N.Y. 113, 9 N.E.2d 799, 803. In the opinion in the last-mentioned case it is said in reference to the Atlas Television case that that decision "did not hold that the sales tax is imposed on the vendor, but only that he is under a duty to pay the tax to the city regardless of whether or not the vendor collects it from the purchaser."

For the reasons stated, we think our decision in Re Lazaroff, supra, in so far as it held that such a claim as that here presented was not entitled to priority under the Bankruptcy Act as one for taxes legally due and owing by the bankrupt to the subdivision of a state was not changed by the decision in New York City v. Goldstein, Trustee in Bankruptcy, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384; and the District Court correctly treated it as the law in this circuit. See, also, McGoldrick v. Berwind-White Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; Gulf Oil Corporation v. Grady, 2 Cir., 110 F.2d 178.

Order affirmed.

CLARK, Circuit Judge (dissenting).

I think the amendment of Bankruptcy Act, § 64, sub. a, by the Chandler Act did not lessen the force of New York City v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384, for that upheld the city's claim to priority by merely citing In re Atlas Television Co., 273 N.Y. 51, 6 N.E.2d 94, 96, which had sustained a like priority in state assignment proceedings expressly upon the ground that it was a tax claim. In the Atlas case the court rejected any other basis for priority on the authority of In re Northern Bank of New York, 163 App.Div. 974, 148 N.Y.S. 70, affirmed 212 N.Y. 608, 106 N.E. 749, and then said of our decision in In re Lazaroff, 2 Cir., 84 F.2d 982—reversed in New York City v. Goldstein, supra—which had denied priority: "We might agree with that conclusion if the local law did not contain other provisions which indicate that the obligation imposed upon the vendor is in the nature of a tax. * * * We must look to the substance of the obligation. From that point of view it seems clear that the city is entitled to a priority. It has imposed a tax as sovereign and to meet a need which concerns the welfare of the state. It has provided that the vendor of property must pay the tax to it. * * * The local law provides that the 'vendor shall pay the tax,' and the city is entitled as sovereign to priority for such payment."

This seems to me clear enough; I do not believe its force is impugned by later analyses of the ultimate incidence of the tax—as on the purchaser—to avoid claims of double or extraterritorial taxation, Merchants Refrigerating Co. v. Taylor, 275 N.Y. 113, 124, 9 N.E.2d 799; McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876, or the windfall of a refund of a tax improperly collected. Kesbec, Inc. v. McGoldrick, 278 N.Y. 293, 16 N.E.2d 288.

In actual fact the obligation of the vendor has all the characteristics of a tax: an absolute duty to pay, regardless of his failure to collect; a liability for all taxes, even though he need not collect on sales less than 12 cents (as established by the Comp-

332

troller's Regulations authorized by the law);
and enforcement against him by suit or tax
distraint. I do not see why this is not prop-
erly a tax levy against both vendor and pur-
chaser, as seems the city's obvious intent,
certainly so far as remedies are concerned.
But whomever this tax is said to be "on,"
it is evident that when it is not paid, the
vendor will generally be the one proceeded
against; and in that event he shall pay "the
tax." I do not believe his bankruptcy
changes its character. Compare Barbee
v. Oklahoma Tax Commission, 10 Cir., 103
F.2d 114, affirming In re Kanaly, D.C.W.D.
Okl., 23 F.Supp. 995; 18 N.Y.U.L.Q.Rev.
135; 40 Col.L.Rev. 1241, 1245.