Jones, J.
(dissenting). I cannot agree with the majority. I would hold that vendors may not constitutionally be required to pay estimated sales taxes in advance.
I recognize that we have classified vendors as taxpayers of the sales tax for some purposes (e.g., Matter of Atlas Tel. Co., 273 NY 51). The label, however appropriate and useful it is in some contexts, cannot determine the substantive aspects of the role played by the vendors in the collection of the taxes. The economic burden of the sales tax falls on the purchaser; the vendor is simply the collecting and remitting agent. My difficulty with the conclusion reached by the majority is that, however demanding may be the obligation of the vendor to see to the collection and remittal of taxes, the vendor cannot constitutionally be obliged to advance its own funds for prepayment with respect to taxes which are not yet due because the incidence of the tax — the sale to the purchaser — has not yet occurred and may never occur.
*352 It is one thing, for convenience and advantage in the administration and collection of taxes, to require the economic taxpayer to make advance payments in installments on account of a tax, the due date for which has not yet arrived but the taxable incidence of which has already occurred. Thus, we are familiar with the constitutionally permissible withholding of taxes from current compensation and required filing of declarations of estimated taxes and payment of quarterly installments thereunder. But even when it is the ultimate taxpayer from whose compensation there is to be a withholding or who is obliged to make the quarterly payments from his own funds, such withholding and payments are attributable to income already earned or received. It is precisely on this economic analysis that challenges to withholding and prepayment have been rejected. (E.g., Erwin v Cranquist, 253 F2d 26, 27, cert den 356 US 960 — "We know of no reason why Congress may not require those who are in the process of earning or deriving income to file informational returns, or to pay currently installments of tax based on those returns.”) Indeed, the popular explanation and economic justification for the inauguration of such procedures accurately employed the slogan, "Pay as You Go”. The essence of that principle is that the taxpayer pays out his own money for income taxes as he earns or receives it.[1]
With sales taxes, unlike income taxes, there is no accumulation factor with a graduated rate of tax. The incidence of the tax is a series of discrete taxable transactions; each sale separately is the taxable event. Indeed, the identity of the individuals — the economic taxpayers — who will become the purchasers liable for the sales taxes during the second half of the month cannot possibly be known on the 15th.
As I analyze the realities of the vendor’s position, I must *353 conclude that the vendor-collector-"taxpayer” cannot constitutionally be compelled to advance its own funds with respect to sales taxes on taxable transactions which have not yet occurred.[2] It makes no legal difference that the estimate is to be made by the vendor and may be based on its own experience as to taxable transactions reasonably to be anticipated, thus predicting a tax liability to a high degree of probability. Nor do the evident advantages to the public revenue of prepayment by large volume vendors justify departure from constitutional principle (cf. Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y., 40 NY2d 731).
Accordingly, I would reverse the order of the Appellate Division and declare section 1137-A of the Tax Law unconstitutional.
Chief Judge Cooke and Judges Wachtler and Meyer concur with Judge Gabrielli; Judge Jones dissents and votes to reverse in a separate opinion in which Judges Jasen and Fuchsberg concur.
Order affirmed.

. The majority correctly points out that with respect to payments on declarations of estimated taxes, payment of the installments due on June 15 and September 15 are to cover income to be received through the end of each of those months. It does not appear that the constitutionality of this particular aspect of declaration of estimated tax program has ever been addressed. Even here, however, the payment can be said to be attributable to income received as of the 15th of the month. In economic analysis this may result in initial taxation at an interim rate higher than will finally prove to be applicable. On any analysis the June 15 and September 15 prepayments would not be confiscatory unless the effective rate of the tax were 100%, or the total amount of income received prior to the 15th were less than the amount of the tax installment then payable; only then would the taxpayer have to advance funds in excess of all income received to the date of the prepayment.

. Not one of the cases cited in the majority opinion has addressed factual circumstances comparable to those we confront in this case, and none has upheld the advance exaction from a vendor-collecting agent out of its own funds of estimated sales taxes with respect to transactions which have not yet taken place.