COMMONWEALTH *vs.* HARRY W. WALLACE.

Bristol.    October 28, 1935. — March 2, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Gasoline.    Constitutional Law,* Interstate commerce, Taxation.    *Tax,*
Excise.

The provisions of G. L. (Ter. Ed.) c. 64A, imposing "an excise of two cents
on each gallon" of gasoline sold by a distributor in the Commonwealth
for use in propelling motor vehicles over the public ways of the Com-
monwealth, is not, where the distributor brings the gasoline from
another State, a tax upon the gasoline or its transportation in inter-
state commerce, but is an excise upon its sale or use in the Common-
wealth, and so construed the statute does not infringe the commerce
clause of the Federal Constitution.

COMPLAINT, received and sworn to on August 1, 1933,
in the Second District Court of Bristol, charging a viola-
tion of G. L. (Ter. Ed.) c. 64A.

On appeal to the Superior Court, the complaint was heard
without a jury by *Hayes,* J., a judge of a district court
sitting in the Superior Court under statutory provisions.
He found the defendant guilty and reported the case to this
court "for determination."

*J. E. O'Connell,* for the defendant.

*W. C. Crossley,* District Attorney, (*F. E. Smith,* Assistant
District Attorney, with him,) for the Commonwealth.

RUGG, C.J.    This case comes before us on a report fol-
lowing a trial before a judge without a jury.    The com-
plaint charged that the defendant, being a distributor of
gasoline and not being licensed as required by G. L. (Ter.
Ed.) c. 64A, made a sale of gasoline to Arsene Lavoie, such
sale not being exempt under the Constitution of the United
States.    There was a finding of guilty.    There was evi-
dence tending to show that the defendant conducted a
wholesale gasoline business in New Bedford in this Com-
monwealth under the trade name Seaboard Petroleum Com-
pany and made deliveries by a tank motor truck registered

in his name in this Commonwealth. On June 28, 1933, the tank truck of the defendant proceeded from Taunton in this Commonwealth to the Bay Oil Company in Providence in the State of Rhode Island, where it stopped and was loaded and then went to Fall River in this Commonwealth, where its contents were delivered to a gasoline station belonging to Arsene Lavoie. From him the defendant received payment in cash for six hundred nineteen gallons of gasoline. There was similar evidence concerning a sale by the defendant on the same day to another dealer in gasoline of twelve hundred forty-six gallons of gasoline, for which the defendant received payment by check. It is inferable that gasoline from both these stations was sold to propel motor vehicles over the highways of the Commonwealth. The defendant had no license to operate as a distributor in this Commonwealth, made no return of sales, and paid no excise tax on sales. The Bay Oil Company of Providence, Rhode Island, was not licensed in this Commonwealth as a distributor and paid no excise tax on gasoline sold by it to the defendant which he sold in this Commonwealth.

The pertinent provisions of G. L. (Ter. Ed.) c. 64A are these: In § 1 are these definitions: "(c) 'Distributor' shall include any person who imports or causes to be imported fuel, as herein defined, for use, distribution or sale in the commonwealth; and also any person who produces, refines, manufactures or compounds fuel, as herein defined, within the commonwealth. (d) 'Fuel' shall include gasoline, benzol, or other products used in propelling motor vehicles using combustion type engines upon or over the highways of the commonwealth. (e) 'Purchaser' shall include, in addition to its usual meaning, the distributor in the case of a transfer of fuel by a distributor into a motor vehicle, or into a receptacle from which fuel is supplied by him to his own or other motor vehicles. (f) 'Sale' shall include, in addition to its usual meaning, the transfer of fuel by a distributor into a motor vehicle or into a receptacle from which fuel is supplied by him to his own or other motor vehicles." By § 2 "The commissioner [of corporations and

taxation], upon application of any person, may grant to him a license as distributor permitting him to continue or engage in business as a distributor in the commonwealth. No distributor shall make any sale of fuel in the commonwealth, except a sale which is exempt under the constitution and laws of the United States, without such a license." By § 3 every distributor is required to keep a complete and accurate record of all sales of fuel in specified detail. By § 4 "Every distributor shall, on or before the fifteenth day of each month, file with the commissioner a return under oath . . . stating the number of gallons of fuel sold by him in the commonwealth during the preceding calendar month . . . . On or before the fifteenth day of each month next succeeding the filing with the commissioner of said return, each distributor shall pay to the commissioner for the account of the purchaser an excise of two cents on each gallon of fuel sold by him in the commonwealth during the calendar month covered by the return." There is provision in § 7 that any person buying fuel on which the excise has been paid or is chargeable, and consuming the fuel in any manner except in the operation of motor vehicles over the highways of the commonwealth, shall be reimbursed for the amount of the excise thereon; and also that sale may be made of fuel upon suitable conditions free of the excise for uses other than such operation of motor vehicles. By § 8 "No provision of this chapter shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be permitted under the provisions of the constitution and laws of the United States." Suitable and reasonable penalties are provided for violations of the provisions of said c. 64A. Finally, it is provided by § 13 that "All sums received under this chapter as excise, penalties or forfeitures, interest, costs of suit and fines shall be paid into the treasury of the commonwealth, and shall be credited to the Highway Fund." The highway fund in the main is to be used for the expenses authorized to administer the law relative to taxation of sales of gasoline and other motor vehicle fuel and for the maintenance, improvement and construction of

highways and boulevards and for the maintenance in part of the division of State police.

The transportation of gasoline by the defendant in his own tank motor truck from Providence in the State of Rhode Island to Fall River in this Commonwealth constituted interstate commerce. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 573–574. *Marconi Wireless Telegraph Co.* v. *Commonwealth,* 218 Mass. 558, 565–566. *Commonwealth* v. *New England Transportation Co.* 282 Mass. 429, 434. It is plain that a direct tax or an excise or license fee imposed by a State upon the lawful exercise of interstate commerce is invalid because contrary to art. 1, § 8, of the Constitution of the United States, whereby the power to regulate commerce between the States is vested in the Congress. *Commonwealth* v. *O'Neil,* 233 Mass. 535. *Bowman* v. *Continental Oil Co.* 256 U. S. 642. The statute in question imposes no tax upon transportation. It does not tax the property transported. It explicitly excepts interstate and foreign commerce from its operation. The tax laid by the statute is an excise upon the sale or use of gasoline for propelling motor vehicles using combustion type engines upon or over the highways of the Commonwealth. In substance and effect it is an excise, levied for the benefit of travel upon highways, upon gasoline consumed to propel motor vehicles on highways.

The case at bar is precisely covered by *Monamotor Oil Co.* v. *Johnson,* 292 U. S. 86. The statute there upheld as valid State legislation differed in no material particular from the one here assailed. It was there said concerning such an excise, at page 93: "There is no substance in the claim that the statutes impose a burden upon interstate commerce, contrary to the prohibition of Article I, § 8 of the Federal Constitution. The appellant insists that the tax is a direct tax on motor vehicle fuel imported. The court below concluded that the law laid an excise upon the use of fuel for the propulsion of vehicles on the highways of the state. The state officials have administered the tax on this theory. We think this the correct view. The levy is not on property but upon a specified use of property. . . .

It is not laid upon the importer for the privilege of importing (compare *Brown* v. *Maryland,* 12 Wheat. 419; *Bowman* v. *Continental Oil Co.,* 256 U. S. 642, 647), but falls on the local use after interstate commerce has ended. Compare *Sonneborn Bros.* v. *Cureton,* 262 U. S. 506; *Nashville, C. & St. L. Ry. Co.* v. *Wallace,* 288 U. S. 249; *Edelman* v. *Boeing Air Transport, Inc.,* 289 U. S. 249. The statute in terms imposes the tax on motor vehicle fuel used or otherwise disposed of in the state. Instead of collecting the tax from the user through its own officers, the state makes the distributor its agent for that purpose. This is a common and entirely lawful arrangement." It would be vain to indulge in further discussion in view of this decisive authority upholding the constitutionality of a statute indistinguishable in all essential features from said c. 64A. The same conclusion is supported also by *Wiloil Corp.* v. *Pennsylvania,* 294 U. S. 169.

The several requests for rulings by the defendant were denied rightly, but they need not be examined in detail. They are all inapplicable to the facts here disclosed.

*Exceptions overruled.*