## TEXAS CO. v. BLUE WAY LINES, Inc.
### No. 3246.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

James A. Herbert, of Boston, Mass., for appellant.

John K. Galleher, of Springfield, Mass., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

These are appeals consolidated in this court, from orders of a judge of the District Court in proceedings initiated under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207 and note, denying and dismissing petitions of the appellant praying that the debtors provide, in any proposed plan for reorganization, for the payment in full to the appellant of certain gasoline taxes imposed on the appellees as consumers of gasoline on the highways by the state of Connecticut and the commonwealth of Massachusetts, and which the ap-

594

pellant, as distributor, was compelled by law to collect and pay to the state of Connecticut and the commonwealth of Massachusetts as its respective share of the tax. Cumulative Supp.1935 to Gen.Stat. of Conn., § 654c; G.L.Mass. (Ter.Ed.) 64A, § 4.

The appellees are operators of bus lines in said states and purchased on credit from the appellant in Connecticut and Massachusetts during the thirty days prior to October 5, 1936, the date of the filing of its petition under section 77B, 80,588 gallons of gasoline, and under the statutes of these states was subject to a total tax of $2,417.64.

Such gasoline tax is an excise tax on the consumer based on the use of the highways in the respective states, Spencer v. Consumers Oil Co., 115 Conn. 554, 162 A. 23; G.L.Mass. (Ter.Ed.) 64A, § 9; Com. v. Wallace, Mass., 200 N.E. 406; Monamotor Oil Co. v. Johnson, 292 U.S. 86, 54 S.Ct. 575, 78 L.Ed. 1141. It was stipulated by the parties that the appellant has paid to each state entitled thereto the proportionate share of the tax so collected, but the appellees never paid the tax to the distributor, nor have they reimbursed the distributor for the sum paid to the respective states.

If an order of liquidation had been made, it is clear that each of said states had the right to have its claim for the tax due it allowed in this proceeding under section 64 of the act, 11 U.S.C.A. § 104; see section 77B (k) (5), 11 U.S.C.A. § 207 (k) (5), and we think the appellant would in such case be entitled to be subrogated to the right of each state and to priority under section 64 of the act. However, no such order has ever been made, and, so far as appears, the debtors are solvent. In such case it is doubtful whether the appellant can claim priority as a matter of right, since there is no provision in section 77B for determining the priority of claims where liquidation is not ordered, although the District Court, under subdivision (c) (6), 11 U.S.C.A. § 207 (c) (6), may allow such priority in classifying the claims.

It does not appear that the proceedings under the appellees' petitions have fully developed. It may become necessary to order liquidation, in which case section 64 of the Bankruptcy Act relating to priorities applies. See section 77B (k) (5). If a plan of reorganization is presented and accepted without an order of liquidation, the District Court will then consider the equities of the situation and make such order under sub-division (c) (6) of section 77B as to the classification of the appellant's claims as justice and equity require.

We do not construe the memorandum of the District Court dismissing the appellant's petitions as depriving the appellant of having its claims considered under section 77B (c) (6) and classified as the equity may require in case liquidation shall not be ordered. The appellant's petitions were evidently heard upon the theory that the appellant, before an order of liquidation was made, was entitled to substitution in place of the states and to priority as a matter of right. Upon this issue we think the appellant's petitions were rightly dismissed, but it must be held to be without prejudice to the appellant's right to have its claims classified under section 77B (c) (6) in case liquidation is not ordered.

The decree of the District Court is affirmed, but without prejudice to the appellant's right to have its claims classified under section 77B (c) (6) in case liquidation is not ordered; the appellant recovers costs in this court.