In re CONKLIN et al.

## GULF OIL CORPORATION v. GRADY.
### No. 248.

Circuit Court of Appeals, Second Circuit.

March 4, 1940.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

Samuel H. Borenkind, of New York City, for appellant.

Joseph Acker, of Poughkeepsie, N. Y., for appellee trustee.

PER CURIAM.

The bankrupts, operators of a gasoline filling station, purchased from the appellant for resale 1,700 gallons of gasoline. The New York Tax Law, Consol.Laws. N.Y. c. 60, Article 12-A, § 282 ff., imposed a tax upon this transaction. This tax, amounting to $68, was paid to the state by the appellant, who now seeks to recover the sum from the bankrupts' estate as a claim entitled to priority under § 64 of the Bankruptcy Act, as amended, 52 Stat. 874, 11 U.S.C.A. § 104. The claim was allowed as a general claim, but denied any priority.

There is no basis for the claimed priority. The appellant was a "distributor" of motor fuel as defined in Article 12-A, and the statute makes the distributor, not the purchaser, the taxpayer, even though the declared intention of § 289-c is to place the ultimate burden of the tax on those persons who use the motor fuel for the operation of motor vehicles on the highways. See In re Riemer, 2 Cir., 82 F.2d 162, 163. There is no provision in the New York statute under which the state may collect the gasoline tax from the purchaser or "owner". Hence the theory of subrogation is without foundation; the distributor cannot get subrogation by the payment of what is its own obligation. The cases dealing with the statutes of other states upon which the appellant relies involve statutes in which the state could have filed its tax claim in the bankruptcy proceeding. The debt which the bankrupts here owe the appellant is not one "for taxes legally due and owing by the bankrupt to * * * any state;" for in any event the bankrupt could not be considered the primary taxpayer. See in re Waller, D.C., 142 F. 883; Nolte v. Hudson Nav. Co.,

2 Cir., 8 F.2d 859; cf. New York City v. Goldstein, 299 U.S. 522, 57 S.Ct. 321, 81 L.Ed. 384; Matter of Atlas Television Co., 273 N.Y. 51, 6 N.E.2d 94.

Order affirmed.