In re Michael J. TEMPLAR and
Nedra V. Templar, Debtors.

Michael J. TEMPLAR and Nedra
V. Templar, Plaintiffs,

v.

SHAMOKIN AREA SCHOOL DISTRICT,
et al., Defendants.

Bankruptcy No. 5–92–01778.
Adv. No. 5–92–0213.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 13, 1994.

Joseph R. DeCristopher, Sunbury, PA, for debtors, plaintiffs.

Joseph Heston, Kingston, PA, for Central Tax Bureau of PA.

David R. Gordon, Gen. Counsel, Bangor, PA, for Berkheimer Assoc.

Daniel J. Rheam, Trustee, Lewisburg, PA.

## OPINION AND ORDER

John J. Thomas, Bankruptcy Judge.

By Stipulation of Facts, the Defendants, Berkheimer Associates and Central Tax Bureau of Pennsylvania, have raised the issue of whether an occupation tax and a related millage tax owed by the Debtors to the above-named Defendants are excepted from discharge. Since the millage tax is computed by relation to the occupation tax, it has been stipulated between the parties that both are either dischargeable or nondischargeable.

■ The Defendant Central Tax Bureau of Pennsylvania defends the dischargeability complaint by alleging that the occupation tax is an excise tax and is therefore excepted from discharge under the provisions of 11 U.S.C. § 507(a)(7) as incorporated by 11 U.S.C. § 523.

Berkheimer Associates argues that the occupation tax is an income tax, a property tax, a withholding tax, as well as an excise tax, all under the provisions of 11 U.S.C. § 507(a)(7) as incorporated by 11 U.S.C. § 523.

The occupation and millage tax claims relating to Debtor, Michael J. Templar, are based upon his holding the occupation classified as "truck driver" at an assessed value of 75; the occupation tax claims relating to Debtor, Nedra V. Templar, are based upon her holding the occupation classified "part-time" at an assessed value of 50. *Stipulation of Counsel, filed April 6, 1993, paragraph 14.*

■ It is the well accepted rule that "... exceptions to discharge, which reflect a congressional determination that other public policies outweigh the debtor's need for a fresh start, should be narrowly construed against the creditor and in favor of the debtor.... Nevertheless, the court should construe a provision no more narrowly than the language and legislative history allow." *In re Pelkowski*, 990 F.2d 737, 744 (3rd Cir. 1993).

■ "Whether a tax is dischargeable under the provisions of the Bankruptcy Code is a question of federal law." *In re Metro Transportation Company*, 117 B.R. 143 (Bkrtcy.E.D.Pa.1990).

■ Black's Law Dictionary defines excise tax as "[a] tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege. [Citation omitted.] A tax on the manufacture, sale, or use of goods or on the carrying on of an occupation or activity, or a tax on the transfer of property. In current usage the term has been extended to include various license fees and practically every internal revenue tax except the income tax (*e.g.*, federal alcohol and tobacco excise taxes, IRC § 5001 et seq.). Black's Law Dictionary, Sixth Edition at page 563.

The Black's Law Dictionary definition of excise tax has been cited with approval in the following opinions:

*In re Groetken*, 843 F.2d 1007, 1013 (7th Cir.1988);

*In re Rosenow*, 715 F.2d 277, 279 (7th Cir.1983);

*In re Chateaugay Corp.*, 153 B.R. 632, 638 (Bkrtcy.S.D.N.Y.1993);

*In re Tri–Manufacturing and Sales Co.*, 82 B.R. 58, 60 (Bkrtcy.S.D.Ohio 1988);

*In re Tapp*, 16 B.R. 315, 322 (Bkrtcy.D.Alaska 1981).

The Supreme Court of the United States citing Webster's International Dictionary identified an excise tax as "... an inland duty or impost operating as an indirect tax on the consumer, levied upon certain specified articles, as tobacco, ale, spirits, etc., grown and manufactured in the country. It is also levied on licenses to pursue certain trades and deal in certain commodities." *Patton v. Brady*, 184 U.S. 608, 618, 22 S.Ct. 493, 496, 46 L.Ed. 713 (1902).

■ In interpreting the breath of the exceptions to discharge enumerated in Section 523 as we would in any statute, we are compelled to recognize that "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters'. [Citation omitted.] In such cases, the intention of the drafters, rather than the strict language, controls." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235,

242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

We are convinced by a plain reading of the statute that a tax on one's occupation is not an income or gross receipts tax; a property tax, or a withholding tax.

Accordingly, if the taxing entities are to prevail, they must establish that they fit within the category of an excise tax set forth in 11 U.S.C. § 507(a)(7)(E). Our review of the definition of excise tax together with the cases which have interpreted excise tax leads us to conclude that a tax on one's occupation is included in the definition of excise tax.

We must recognize, however, that not every excise tax is excepted from discharge but, only those "... allowed unsecured claims of governmental units, only to the extent that such claims are for an excise tax on a transaction ...". 11 U.S.C. § 507(a)(7)(E). Unless this occupation tax is also transaction-based, then the taxing authorities cannot prevail.

We further turn to the legislative history to determine whether an excise tax on one's occupation is a nondischargeable debt. Although we are aware of certain legislative pronouncements that ... "All Federal, State or local taxes generally considered or expressly treated as excises are covered by this category including estate and gift taxes, gasoline and special fuel taxes, and wagering and truck taxes",[1] we conclude that references to excise taxes in the legislative history were generally limited to transaction-based taxes.

Again, we refer to Black's Law Dictionary for a definition of transaction, which dictionary concludes that a transaction "... must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." Black's Law Dictionary, Sixth Edition at page 1496.

If this court were to hold that an occupation tax was non-dischargeable as an excise tax under Section 523(a)(1), we necessarily would be required to find that an occupation was a transaction to be included in 11 U.S.C. § 507(a)(7)(E). This conclusion would defy any semblance of logic.

"... interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

We cannot find that discharge of an occupation tax based solely on one's trade is "demonstrably at odds with the intention of the drafters".

■■■ "When interpreting a statute a court first must examine the statutory language. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). If the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances. *Id.; Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)." *Perroton v. Gray,* 958 F.2d 889, 893 (9th Cir.1992).

We therefore conclude that Congress did not intend to render nondischargeable the occupation tax at issue.

The Defendants' reliance on the Illinois cases of *In re Groetken,* 843 F.2d 1007, 1013 (7th Cir.1988) and *In re Rosenow,* 715 F.2d 277, 280 (7th Cir.1983) for the proposition that occupation taxes are not dischargeable is misplaced. The Illinois retailer's occupation tax was measured by retail sales which are obviously transactions as referenced in Section 507 of the Bankruptcy Code.

Our Order is attached.

### ORDER

Upon consideration of the briefs of the parties together with a Stipulation of Facts filed of record, IT IS HEREBY

ORDERED that the occupation tax identified in the pleadings together with the related millage tax is deemed discharged.

---

**1.** 124 Cong.Rec. S17403 (A & P).