**In re Mary APPUGLIESE, Debtor.**

**Bankruptcy No. 96–17315–JNF.**

United States Bankruptcy Court,
D. Massachusetts.

July 25, 1997.

Charles E. Blumsack, Woburn, MA, for Debtor.

Jordan L. Shapiro, City Solicitor, Malden, MA, for City of Malden.

Thomas O. Bean, Assistant Attorney General, Boston, MA, for Commonwealth of Massachusetts.

### MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. INTRODUCTION

The matter before the Court is the Motion for Sanctions against the City of Malden (the "Motion") filed by the Debtor in the above-captioned Chapter 7 case. Through her Motion, the Debtor seeks an order from this Court compelling the City of Malden (the "City") to treat certain automobile taxes as discharged property taxes and sanctioning the City in the amount of $500.00 per week for each week that the Debtor is deprived of the use of her automobile because of the refusal of the Registry of Motor Vehicles to register the Debtor's automobile, plus attorney's fees. The City filed an Opposition to the Motion as well as its own Motion for Sanctions on grounds that the Debtor's contention that it violated the discharge injunction is frivolous.

The Court heard the matter on May 27, 1997. At the conclusion of the hearing, the Court ordered the parties to file an agreed statement of facts on or before June 30, 1997. The parties timely filed an agreed statement

of facts as well as briefs. The Commonwealth of Massachusetts also filed a brief, *amicus curiae.*

## II. FACTS

The Debtor filed a voluntary petition under Chapter 7 on September 26, 1996.[1] On Schedule B–Personal Property, the Debtor listed as an asset a 1990 Oldsmobile Royale with a fair market value of $9,000.00, subject to a $16,000.00 purchase money security interest. The Debtor listed no other vehicles on her schedules. On Schedule C–Property Claimed Exempt, the Debtor claimed the Oldsmobile as exempt under 11 U.S.C. § 522(d)(2). On Schedule E–Creditors Holding Unsecured Priority Claims, the Debtor listed the City with a $300.00 "Personal Property Tax" claim. In her Statement of Financial Affairs, in response to question 10 regarding transfers of property within one year immediately preceding the filing of the bankruptcy petition, "other than property transferred in the ordinary course of the business or financial affairs of the debtor," the Debtor answered "None."

On October 29, 1996, the Chapter 7 Trustee filed a Report of No Distribution. On January 4, 1997, the Court entered an order of discharge. Prior to the closing of the case, the Debtor filed, on January 6, 1997, a Motion to Amend Petition and Schedule F (by Adding Creditors), which motion was allowed on January 7, 1997. Approximately three weeks later, the Debtor filed a Motion to Amend Petition and Schedule E (by Adding Creditors), pursuant to which the Debtor added the City as a priority creditor for the following:

### 1995 Excise Tax

| | |
|---|---|
| 1985 Oldsmobile | $53.37 |
| 1985 Lincoln | $52.50 |
| 1983 Cadillac | $89.56 |
| 1977 Triumph | $42.09 |

The Debtor's motion to amend Schedule E was allowed on January 28, 1997. On March 28, 1997, the Debtor's case was closed.

On April 9, 1997, the Debtor's Chapter 7 case was reopened pursuant to a procedural order entered with respect to the conduct of Sears, Roebuck & Co. in violating the discharge order in this case and numerous other cases in this district. On April 17, 1997, the Debtor filed the instant Motion.

In the agreed statement of facts, the parties agreed to the following:

> With respect to Schedule E, the Debtor listed as a creditor the Collector of Taxes, City of Malden, Malden City Hall, Malden MA 02148 for personal property taxes ("auto excise taxes") in the amount of $300.00. Said taxes were for 1996 on a 1985 Olds and a 1993 Cadillac.[2] The tax was imposed pursuant to G.L. c. 60A § 1.

> \* \* \* \* \* \*

> Subsequently by motion allowed January 28, 1997, the Debtor amended Schedule E for further City of Malden taxes, namely 1995 auto "excise taxes" on a 1985 Lincoln, a 1985 Olds, a 1977 Triumph, and a 1983 Cadillac. The tax was imposed pursuant to G.L. c. 60A § 1. . . .

> \* \* \* \* \* \*

> The City of Malden has notified the Registry of Motor Vehicle [sic] that the Debtor has requested a release of her automobile registration and license, but the City is unwilling to report this matter as "paid in full", and the Registry of Motor Vehicles appears unwilling to release the Debtor's driver's license or permit the Debtor to renew her automobile registration without an appropriate court order requiring the same as a matter of law. . . .

> \* \* \* \* \* \*

> The Massachusetts Registry of Motor Vehicles has refused the Debtor's renewal of the registration of her automobile due to the unpaid taxes.

> The Registry of Motor Vehicles and the City of Malden have insisted that the Debtor pay the said taxes before they will

---

1. In the agreed statement of facts, the parties state that the Debtor filed her petition on September 10, 1996. The Debtor signed her petition on September 20, 1996 and filed it on September 26, 1996.

2. There was no indication in the Debtor's schedules that the tax was for both an Oldsmobile and a Cadillac.

permit the Debtor to renew her automobile registration or her license.

As a result, the Debtor has been unable to register her automobile and has been deprived of its use.

In addition, the said City of Malden is continuing to hold the Debtor responsible for the payment of pre-petition personal property/excise taxes and is continuing to add interest and penalties to said taxes.

The parties attached three tax bills to their agreed statement of facts. The tax bill for the lincoln was issued on March 17, 1995, with a tax date of January 1, 1995 and a demand date June 2, 1995; the tax bill for the Triumph was issued on August 18, 1995, with a tax date of June 12, 1995 and a demand date October 25, 1995; and the tax bill for the Cadillac was issued on October 25, 1995, with a tax date of August 11, 1995 and a demand date December 8, 1996.[3] The Debtor did not attach a bill for the Oldsmobile, and, thus, the Court is unable to determine if that bill was issued more than one year prior to the filing of the Debtor's bankruptcy petition.

The parties also attached a Notice of Warrants Issued to their agreed statement of facts. Dated April 23, 1997, it contains the following information, as well as a list of payments due that total $542.85:

| Year | Com | Bill # | Info | Date[4] | Amt. Due |
|---|---|---|---|---|---|
| 1995 | 01 | 730 | 85 Linc | 10–4–95 | $127.51 |
| 1995 | 03 | 30759 | 85 Olds | 3–5–96 | $ 73.37 |
| 1995 | 04 | 32799 | 77 Triu | 4–4–96 | $ 62.09 |
| 1995 | 05 | 35190 | 83 Cadi | 6–15–96 | $ 76.13 |
| 1996 | 01 | 794 | 83 Cadi | 10–1–96 | $109.56 |
| 1996 | 02 | 28870 | 90 Olds | 12–17–96 | $ 94.19 |

## III. APPLICABLE STATE LAW

Section 1 of Mass. Gen. Laws Ch. 60A, § 1 (West 1988 & Supp.1997)("M.G.L. c. 60A"), provides in relevant part the following:

Except as hereinafter provided, there shall be assessed and levied in each calendar year on every motor vehicle and trailer registered under chapter ninety, for the privilege of such registration, an excise measured by the value thereof, as hereinafter defined and determined, at the rate of twenty-five dollars per thousand valuation....

\* \* \* \* \* \*

The excise imposed by this section shall not apply to motor vehicles or trailers owned and registered by the commonwealth or any political subdivision thereof, or to motor vehicles or trailers owned and registered by a corporation whose personal property is exempt from taxation under clauses Third and Tenth of section five of chapter fifty-nine. Motor vehicles owned or controlled by a manufacturer, or farmer, to whom has been issued a general distinguishing number or mark under section five of chapter ninety, and motor vehicles or trailers owned or controlled by a dealer to whom there has been issued a general distinguishing number or mark, shall be exempt form the excise imposed by this section, upon application in writing filed with the assessors, if and so long as such motor vehicle or trailer is operated or propelled over the highways solely in connection with the business of the owner or controller as such manufacturer, farmer or dealer and in no way for his personal use or convenience or the personal use and

---

**3.** It would appear that even if the Debtor were correct in her assertion that the taxes at issue are property taxes, the taxes payable for this automobile would not be dischargeable. *See* 11 U.S.C. § 507(a)(8)(B) reproduced *infra*.

**4.** The Court has no explanation for the significance of these dates, if any. Moreover, these dates do not correspond with any of the dates on the tax bills issued by the City.

convenience of his family or any other person. . . .

\* \* \* \* \* \*

The excise imposed by this section shall not apply to motor vehicles leased for a full calendar year to a charitable organization when such vehicle is owned and registered by a lessor engaged in the business of leasing motor vehicles. . . . The excise tax imposed by this section shall not apply to a motor vehicle owned and registered by a former prisoner of war . . .

\* \* \* \* \* \*

The excise imposed by this section shall not apply to a motor vehicle owned and registered by a World War I, World War II, Korean or Vietnam veteran who according to the records of the United States Veterans Administration, by reason of service in the armed forces of the United States, has suffered loss, or permanent loss of use of, one or both feet, or loss, or permanent loss of use of, one or both hands; nor to a motor vehicle owned and registered by a World War I, World War II, Korean or Vietnam veteran who is receiving a statutory award from the Veterans Administration for the loss of sight of one eye. . . .

\* \* \* \* \* \*

The excise imposed by this section shall not apply to the registration by an inhabitant of any state other than this commonwealth or by a partnership, voluntary association or corporation which does not have a principal place of business in this commonwealth. . . .

M.G.L. c. 60A, § 1. Section 2A of M.G.L. c. 60A provides that, upon notification of non-payment, the Registry of Motor Vehicles shall place the matter on record and not renew the license of the registered owner of the motor vehicle or the registration for such vehicle until receipt of a notice from the local tax collector or the commissioner of revenue that that matter has been disposed of in accordance with law.

## IV. ISSUES

The first issue that the Court must determine is whether the tax imposed by the City on the Debtor's automobiles, which is calculated on the basis of $25.00 per $1,000.00 in value of the automobile, is an excise tax and, thus, nondischargeable if it became due less than three years prior to the filing of the bankruptcy petition, or whether it is a property tax, and, thus, dischargeable if the last date on which the tax could be paid without penalty was more than one yeare before the petition date. Specifically, § 523(a) provides that a discharge does not discharge an individual debtor from any debt "of a kind and for the periods specified in section . . . 507(a)(8)." 11 U.S.C. § 523(a)(1). Section 507(a)(8) provides in relevant part the following:

> (a) The following expenses and claims have priority in the following order:
>
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for. . .
>
> (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition; . . .
>
> (E) an excise tax on. . .
>
> (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition. . . .

11 U.S.C. § 507(a)(8).

The second issue is whether the refusal of the Registry of Motor Vehicles to either register the Debtor's automobile(s) or renew her driver's license is a punitive measure that results in a violation of the discharge injunction imposed by 11 U.S.C. § 524(a)[5] or con-

---

**5.** Section 524(a) provides in relevant part the following:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . ., whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a

stitutes proscribed discriminatory treatment against the Debtor under 11 U.S.C. § 525(a).[6] 11 U.S.C. § 524(a).

## V. POSITION OF THE PARTIES

### A. *The Debtor*

The Debtor maintains that the tax imposed by M.G.L c. 60A, § 1 is a property tax. Citing *In re Templar*, 170 B.R. 562 (Bankr. M.D.Pa.1994), the Debtor recognizes that generally, an excise tax is defined as

'[a] tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege. [Citation omitted.] A tax on the manufacture, sale, or use of goods or on the carrying on of an occupation or activity, or a tax on the transfer of property. In current usage the term has been extended to include various license fees and practically every internal revenue tax except the income tax (e.g., federal alcohol and tobacco excise taxes, IRC § 5001 et seq.).'

*Id.* at 563 (quoting Black's Law Dictionary, 6th ed. at p. 563). However, the Debtor correctly maintains that the reference to the tax on automobiles as an excise tax in M.G.L. c. 60A, § 1 is not conclusive as to whether the tax is a property tax or an excise tax, citing *In re C–T Virginia, Inc.*, 135 B.R. 501 (W.D.Va.1991), *aff'd* 977 F.2d 137 (4th Cir. 1992), *cert. denied* 507 U.S. 1004, 113 S.Ct. 1644, 123 L.Ed.2d 266 (1993). The Debtor argues that because the tax imposed by M.G.L. c. 60A, § 1 is assessed at the rate of $25.00 per $1,000.00 valuation it is "dearly a

tax on the ownership of personal property," which is analogous to personal and real property taxes imposed under M.G.L. c. 59, §§ 2, 4, 11, 18, 23D, 38. The Debtor, in her brief, relies upon the adage: " 'If it looks like a duck, quacks like a duck and walks like a duck, it must be a duck.' "

The Debtor also argues that, even if the tax is determined to be nondischargeable as an excise tax, the provisions of M.G.L. c. 60A, § 2A constitute a penalty. The Debtor analogizes the provisions to "Delinquency List" enforcement powers utilized by the Massachusetts Alcoholic Beverages Control Commission, which Judge Boroff found were not a proper exercise of police or regulatory powers in *In re J.F.D. Enterprises, Inc.*, 183 B.R. 342 (Bankr.D.Mass.1995). The Debtor maintains that the state law that prevents her from renewing her driver's license or registering her automobile has nothing to do with public safety or police power and everything to do with debt collection and coercion, which violate the automatic stay.

### B. *The City of Malden*

The City, using the same formulation of an excise tax as the Debtor, and citing *Williams v. Motley*, 925 F.2d 741, 743–44 (4th Cir. 1991), in addition to *Templar*, argues that the tax imposed by M.G.L. c. 60A, § 1 is a nondischargeable excise tax. Additionally, it argues that any interest or "penalties" that have accrued on the unpaid taxes are also nondischargeable under 11 U.S.C. § 523(a)(8). With respect to the refusal of the Registry of Motor Vehicles to renew the

---

personal liability of the debtor, whether or not discharge of such debt is waived; and (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim....

11 U.S.C. §524(a).

**6.** Section 525(a) provides in relevant part the following:

(a) ... a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discrimi-

nate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act ... or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(a).

Debtor's license and registration, the City argues that its conduct does not violate the Supreme Court's decision in *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). According to the City, *Perez* is distinguishable because the state statue found to be unconstitutional authorized the suspension of a driver's license for a debtor's failure to pay a discharged obligation.[7] In this case, the City points out that the statute authorizes the Registry of Motor Vehicles to refuse to renew licenses or to register automobiles for failure to pay excise taxes that are nondischargeable.

## C. *The Commonwealth of Massachusetts*

The Commonwealth prefaces its brief with a statement of its interest in the case, namely, that it has an interest in this Court's determination as to whether taxes assessed pursuant to one of its laws are excise taxes or property taxes. It requests an opportunity to be heard due to the adverse effect on municipalities that might result from the discharge of automobile excise taxes by debtors and the state's obligation to provide public services to financially troubled municipalities.

The Commonwealth initially draws a distinction between taxes, " 'pecuniary burden[s] laid upon individuals or property for the purpose of supporting the Government'," *U.S. v. Reorganized CF & I Fabricators of Utah, Inc.,* — U.S. —, —, 116 S.Ct. 2106, 2113, 135 L.Ed.2d 506 (1996), and penalties, " 'exaction[s] imposed by statute as punishment for an unlawful act.' " *Id.*[8] It explains that the tax imposed by M.G.L. c. 60A, § 1 is collected by municipalities and used to meet the expenses connected with motor vehicles, including expenses associated with local highways and streets, police protection and traffic control and enforcement. Accordingly, it maintains that M.G.L. c. 60A, § 1 is a tax not a penalty, and, furthermore, it is an excise tax, not a property tax. As support for the argument that § 1 imposes an excise tax and not a property tax, the

Commonwealth observes that § 1 states that "every motor vehicle ... registered under chapter ninety, *for the privilege of such registration,* is subject to the tax." (emphasis supplied). *See Templar,* 170 B.R. at 563. The Commonwealth notes that the privilege of registering a motor vehicle is granted free to certain individuals or groups, such as veterans who have lost limbs or sight in an eye and charitable organizations that lease vehicles for a full calendar year from lessors engaging in the business of leasing motor vehicles. According to the Commonwealth this selectivity with respect to who must pay the tax demonstrates that the tax is imposed on the privilege of registration, not ownership of a motor vehicle. The Commonwealth also observes that M.G.L. c. 59, § 2 specifically exempts motor vehicles from the personal property tax provisions, thereby revealing the intent of the legislature to impose an excise tax, not a property tax on motor vehicles through M.L. c. 60A, § 1.

The Commonwealth also cites *Associated Industries of Massachusetts, Inc. v. Commissioner of Revenue,* 378 Mass. 657, 667, 393 N.E.2d 812 (1979), for the proposition that "[t]he fact that a tax on the exercise of a privilege is adjusted in whole or in part to property values does not deprive the tax of its character and [sic] as an excise tax; taxes adjusted have been upheld repeatedly as excises." Thus, it concludes that simply because the amount of the tax may vary based on the value of the motor vehicle being registered does not transform the tax into a property tax.

The Commonwealth also emphasizes that M.G.L. c. 60A, § 1 is not only labelled and treated as an excise tax, it satisfies the definition used by most courts, such as the court in *Templar,* construing § 507(a)(8)(E). *See, e.g., In re Groetken,* 843 F.2d 1007, 1013 (7th Cir.1988); *In re Chateaugay Corp.,* 153 B.R. 632, 638 (Bankr.S.D.N.Y.1993). It also argues that although the Registry of Motor

---

7. Specifically, the Supreme Court determined that a provision of Arizona's Motor Vehicle Safety Responsibility Act that provided that a bankruptcy discharge did not relieve a judgment debtor from the provisions of the Act, including its enforcement through the withholding of driving privileges, violated the Supremacy Clause of the United States Constitution.

8. The Supreme Court added that "if the concept of penalty means anything, it means punishment for an unlawful act or omission...." *Id.*

Vehicles may revoke the driver's license or registration of a motor vehicle owner who fails to pay the tax, this does not convert the tax into a penalty. In its view, even if such deprivations may be characterized as penalties, they are penalties for failing to pay nondischargeable debts. Finally, the Commonwealth asserts that cases such as *J.F.D. Enterprises* and *In re Kick-Off, Inc.*, 82 B.R. 648 (Bankr.D.Mass.1987), are inapposite for the following reasons: 1) the Debtor, in this case, received her discharge and the automatic stay has terminated, *see* 11 U.S.C. § 362(c); 2) the Debtor has no federal or state "property" interest in an automobile driver's license or registration, *Raper v. Lucey*, 488 F.2d 748, 751 (1st Cir.1973); *Luk v. Commonwealth*, 421 Mass. 415, 423, 658 N.E.2d 664 (1995); and 3) the Commonwealth's regulation of driver's licenses and registrations is an exercise of the state's police or regulatory power. According to the Commonwealth, the Registry of Motor Vehicles is in the same position as the holder of any nondischargeable claim seeking to collect amounts owed from a debtor after bankruptcy.

## VI. DISCUSSION

The Court observes that the Debtor's Motion is deficient in a key respect. The Debtor, in her Motion for Sanctions, fails to explain satisfactorily the relationship between the four vehicles that she owned in 1995 and her failure to list all but one of those vehicles on Schedule B. In this regard, the Court speculates that the Debtor may have disposed of the Lincoln and the Triumph prior to September 26, 1995, but the Notice of Warrants Issued and the tax bill for the 1983 Cadillac indicate that the Debtor owned the Cadillac within one year of the filing of her petition or at the time of the filing of her bankruptcy petition. She, therefore, was obligated to either list the Cadillac on Schedule B or explain its disposition in response to question 10 on her Statement of Financial Affairs. Accordingly, the Debtor would appear to be judicially estopped from seeking the relief she requests.

 With respect to the substance of the Debtor's arguments, the Court is unpersuaded that M.G.L. c. 60A, § 1 either is a penalty or imposes a property tax. The Debtor's argument is conclusory, particularly when juxtaposed against the cogent arguments made by the Commonwealth with which the Court is compelled to agree. The Court concludes that M.G.L. c. 60A, § 1 is a tax and not a penalty, as it is a pecuniary burden laid upon individuals or their property for the purpose of defraying the expenses of government. Moreover, the Court concludes that M.G.L. c. 60A, § 1 is an excise tax and not a property tax. Not only does M.G.L. c. 60A, § 1 indicate that it is an excise tax on the privilege of registration, the tax imposed falls within the uniformly adopted definition of what constitutes an excise tax set forth in Black's Law Dictionary. In other words, it operates as a tax on the privilege of operating an automobile.

Moreover, in *O'Brien v. State Tax Commission*, 339 Mass. 56, 62, 158 N.E.2d 146 (1959), the Massachusetts Supreme Judicial Court indicated that M.G.L. c. 60A, § 1 was undoubtedly an excise tax. In discussing M.G.L. c. 60A, § 1 and M.G.L. c. 90, §§ 2, 33, which sections impose an excise tax in the form of a registration fee for motor vehicles, the court stated that these taxes

> are imposed with respect to 'commodities' very like one another. A closely related excise is the gasoline tax imposed by G.L.c. 64A, § 4 ... This tax was construed in *Commonwealth v. Wallace*, 294 Mass. 31, 34, 200 N.E. 406, 408, as an 'excise' upon the sale or use of gasoline for propelling motor vehicles ... upon ... the highways of the commonwealth.'

339 Mass. at 62, 158 N.E.2d 146 (citations omitted) [9]

> Massachusetts taxing statutes will be 'interpreted so as not to cause double taxation unless no other reasonable construction is practicable.' It was assumed in Opinion of the Justices, 250 Mass. 591, 603, 148 N.E. 889, 894, (1) 'that the assessment of two excise

9. In response to the plaintiff's argument that the registration fee and the excise under M.G.L. 60A, § 1 involved double taxation in violation of the Massachusetts Constitution, the court in *O'Brien* added the following:

The thrust of the Debtor's argument is that the tax is a property tax because of the manner in which the amount of the tax is calculated, namely that it is based upon the value of the vehicle. The decision in *Associated Industries* demonstrates that this reasoning is deficient. In *Associated Industries*, the court rejected an argument that the tax imposed upon utility companies for carrying on their business is a property tax, not an excise tax, that must be held to create a fifth class of real property in violation of amended Article 4 of the Massachusetts Constitution. The court concluded that the adjustment of the excise tax according to property values did not deprive it of its character as an excise because it was a tax on the exercise of a privilege. The court added that "[i]n an [sic] doubtful case, the intention of the Legislature, as it may be expressed in part through its characterization of the tax as an excise, deserves judicial respect, and especially so where the constitutionality of the exaction depends on its proper characterization." 378 Mass. at 667–68, 393 N.E.2d 812.

The Court concludes that the tax imposed by M.G.L. c. 60A, § 1 is an excise tax. In this case, the excise taxes are nondischargeable because they were incurred within three years of the filing of the Debtor's bankruptcy petition. Because the tax is nondischargeable, the state can continue its collection attempts post-bankruptcy as it is a privilge, not a property right, to have a license and registration for an automobile. *Raper v. Lucey*, 488 F.2d at 751;[10] *Luk*, 421 Mass. at 423, 658 N.E.2d 664 ("In Massachusetts, one's right to operate a motor vehicle is a privilege voluntarily granted."). Thus, the Court finds that the Commonwealth has not violated the discharge injunction by refusing

to renew the Debtor's license or registration. Neither the provisions of 11 U.S.C. § 524(a) nor § 525(a) has been violated. Accordingly, sanctions are unwarranted. *Cf. In re Caggiano*, 34 B.R. 449 (Bankr.D.Mass.1983)(upon determination that certain parking fees were nondischargeable pursuant to 11 U.S.C. § 523(a)(7), the court denied the debtor's request to enjoin the City of Boston and its agencies from denying the issuance or renewal of the debtor's driver's license).

## VII. CONCLUSION

In accordance with the foregoing, the Court hereby denies the Debtor's Motion. The Court also denies the City's Motion for Sanctions. Although the Debtor's arguments were unsuccessful, they were not frivolous. An appropriate order shall issue.

taxes, even though each be upon a separate basis and collected by different officers, for the enjoyment of use of one commodity by a single person for the same period of time would be unreasonable' and (2) that the 'principle against double taxation ... is ... as applicable to excise as to property taxation.' We have been referred to no decision, however, where this court has said that the Legislature lacked power, when it exhibited plainly its deliberate intention to do so, to impose two or more separate nondiscriminatory excises with respect to substantially similar commodities. The imposition of two such reasonable excises is certainly not in terms forbidden by the Mas-

sachusetts Constitution.... 339 Mass. at 62, 158 N.E.2d 146.

**10.** In *Raper*, the court stated that the following:

The district court ruled that since the issuance of an operator's license is discretionary with the state, a constitutionally guaranteed "right" was not involved. By so holding, the court misconceived the issue. In his complaint, plaintiff did not argue that he had a right to an operator's license, and we may take it as settled that such a right, federal or state, does not exist. 488 F.2d at 751.